IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Case No. BPG-16-2254 |
| HAROLD T. MARTIN | * | |

**MOTION TO REVIEW DETENTION ORDER**

The Defendant, Harold T. Martin, through counsel, respectfully moves under 18 U.S.C. § 3145(b) for review of the detention order entered on October 21, 2016. In support of this motion, Mr. Martin states the following:

1. On August 29, 2016, Harold T. Martin was charged by criminal complaint with theft of government property in violation of 18 U.S.C. § 641 and unauthorized removal or retention of classified documents or materials by a government employee or contractor in violation of 18 U.S.C. § 1924. Mr. Martin appeared for his initial appearance on the day he was charged, and he consented to detention at that time. A detention hearing was held on October 21, 2016. Magistrate Judge A. David Copperthite entered an order of detention. See ECF 24.

2. Mr. Martin requests review of the detention order pursuant to 18 U.S.C. § 3145(b). The review is de novo. At the upcoming hearing, Mr. Martin will present the reasons why he should be released. This submission is primarily intended to clarify the governing legal framework. The only consideration before the Court will be whether there is a "serious risk" that Mr. Martin will fail to appear for court appearances if he is released. See 18 U.S.C. § 3142(f)(2)(A). As the government concedes, the Court may not detain Mr. Martin based on danger to the community. See ECF 22 (Defendant's Reply to Government's Opposition to Motion for Detention Hearing) (incorporated herein). Nor may the Court detain Mr. Martin on the

grounds that the community would be harmed if he fled or if, as the government has suggested, he were kidnapped by foreign powers. Any danger Mr. Martin may present to the community "may be considered only in setting conditions of release." See <u>Untied States v. Himler</u>, 797 F.2d 156, 160 (3d Cir. 1986) (finding defendant charged with fraud "may be only detained if the record supports a finding that he presents a serious risk of flight" and refusing to permit detention based on danger to the community if he were to flee).[1] The standard for release under the Bail Reform Act, as it applies to this case, is simple: To detain Mr. Martin, the Court must find that there is no condition or combination of conditions that will reasonably assure his appearance in Court. In determining whether Mr. Martin presents a serious risk of flight, the Court must consider the factors listed in 18 U.S.C. § 3142(g). Those factors will be addressed in detail at the hearing.

   3. Mr. Martin is not a flight risk. He served honorably in the United States Navy for 12 years. After retiring from active duty, he worked as a federal government contractor for more than two decades. He has no criminal history. He has strong ties to Maryland. He has lived here since 2000 and in the greater Washington, D.C. area since 1993. He owns a home in Glen Burnie that he shares with his wife, Deborah Shaw. He and Ms. Shaw have substantial ties to their community. If released, he would return to live with his wife at their Glen Burnie home. Outside of Maryland, Mr. Martin is supported by his brother, who lives in Florida and attended the

---

[1]  Although the Court reviews the detention order <u>de novo</u> and need not consider the grounds on which Judge Copperthite detained Mr. Martin, it is noteworthy that Judge Copperthite appears to have relied on dangerousness as a basis for detention. After the government's presentation, Judge Copperthite stated that he considered the government's proffer about the threat to national security "in the context of non-appearance and what that would mean in terms of threat to, danger to the public through his non-appearance, and that's how I'm looking at it, from that perspective." Oct. 21, 2016, Hrg. Tr. at 12 (excerpts attached at Exhibit A). During his oral ruling, Judge Copperthite stated: "He's a highly educated man who is certainly capable . . . of doing at least what the government suggests, that there is a possibility that there is other information out there." <u>Id.</u> at 35-36 (Ex. A). Finally, Judge Copperthite in his findings stated: "[O]ne of the factors, as I've said, under 3142(g)(4), the nature and seriousness of the danger to any person in the community that will be posed by the release, it's clear that the Government sort of paints the Defendant as a walking encyclopedia of classified information. . . he is a serious risk to the public." <u>Id.</u> at 37-38 (Ex. A).

detention hearing, and by his sister and mother, who live in New England.  Since his arrest in this case, he has been cooperative with the government, his counsel, and the court process.

4.	For these and other reasons that will be discussed at a hearing on this motion, Mr. Martin respectfully requests release pending trial subject to any conditions the Court finds appropriate to reasonably assure his appearance in Court, such as 24-7 electronic home monitoring, no use of computers or the Internet, no firearms, no alcohol, and an alcohol monitoring device. [2]

WHEREFORE, Harold T. Martin respectfully requests a review of the detention order entered on October 21, 2016.

> Respectfully submitted,
>
> /s/
> _____
> JAMES WYDA, #25298
> Federal Public Defender
> DEBORAH L. BOARDMAN, #28655
> First Assistant Federal Public Defender
> 100 South Charles Street
> Tower II, Ninth Floor
> Baltimore, Maryland  21201
> (410) 962-3962
> Jim_Wyda@fd.org
> Deborah_Boardman@fd.org

---

[2] These firearm and alcohol restrictions may be appropriate.  During the execution of the search and seizure warrant, the government recovered ten, lawfully-owned firearms from Mr. Martin's home and car.  They were seized by law enforcement and are no longer in the home.  In addition, Mr. Martin admitted to Pretrial Services that he has a history of binge drinking.  Binge drinking is not sufficient grounds for detention, but the Court can fashion conditions of release to address any concerns relating to his alcohol intake.