```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
                       NORTHERN DIVISION

  _____
                                )
  UNITED STATES OF AMERICA      )
                                )
                                )
      v.                        )  Criminal Docket No. BPG-16-2254
                                )
  HAROLD T. MARTIN, III,        )
          Defendant             )
                                )
  _____)
                                      Baltimore, Maryland
                                      October 21, 2016
                                      2:35 PM to 3:41 PM
```

**THE ABOVE-ENTITLED MATTER CAME ON FOR
DETENTION HEARING
BEFORE THE HONORABLE A. DAVID COPPERTHITE**

A P P E A R A N C E S

On behalf of the Government:

    Zachary A. Myers, Assistant U.S. Attorney
    Harvey Eisenberg, Assistant U.S. Attorney
    Thea D.R. Kendler, Trial Attorney

On behalf of the Defendant:

    James Wyda, Federal Public Defender
    Deborah L. Boardman, Assistant Federal Public Defender

Also present:

    FBI Special Agent Laura Pino


Proceedings recorded by mechanical stenography, transcript produced by computer.

---

**MARTIN J. GIORDANO, RMR, CRR**
FEDERAL OFFICIAL COURT REPORTER
U.S. Courthouse, Fourth Floor
101 West Lombard Street
Baltimore, Maryland 21201
410-962-4504

1   **MR. WYDA:**  Your Honor, are you ready for me?

2   **THE COURT:**  Absolutely, Mr. Wyda.

3   **MR. WYDA:**  So I -- I admit I'm a little bit baffled about how to proceed, and I guess let me encourage the Court, as usual, to ask me questions about concerns the Court may have.  Again, our understanding is this was all about risk of flight and, from the beginning to the end of the Government's presentation, we heard about threats to national security.

9   **THE COURT:**  Well, I think, Mr. Wyda, the comments that were made by Mr. Myers, I take them in the context of his non-appearance and what that would mean in terms of threat to, danger to the public through his non-appearance, and that's how I'm looking at it, from that perspective.

    So I think that what I'd like to hear -- and I'm not going to be conducting direct examination here, but what I'd like to hear is his ties to the community and what basis you have to convince me that he should be released and he is going to appear.

19  **MR. WYDA:**  Your Honor, that's easy, but -- so let me start this way.  Let me talk about who Hal Martin isn't, Your Honor.

    First of all, he's not Edward Snowden.  He's not someone who, due to political ideas or philosophical ideas or moral principles, thinks he knows better than everybody else and, hence, is compelled to release government secrets to

```
 1    Services report that gives someone great pause, and it gave
 2    the Pretrial Services officer great pause.  One of them is his
 3    problems with alcohol and binge drinking episodes that he
 4    admits to.  Another thing that gives me great pause and would
 5    give anyone great pause is that -- and the Government failed
 6    to mention this in their presentation, but one firearm was
 7    recovered on the floor of his vehicle -- it was a handgun that
 8    was fully loaded, according to the Government's written
 9    motion -- and at least ten other firearms, or maybe nine other
10    firearms were recovered from the residence.  Two of those were
11    assault-type weapons.  One was an AR-type weapon, and the
12    other one was a shotgun with some modifications.
13            Now, that's not illegal for him to have, but what's
14    really odd about that is that his partner, Ms. Shaw, who is
15    here, or wife, Ms. Shaw, according to the statements from the
16    Government, was unaware that he even had the firearms.  So you
17    have someone who presents themselves as two different people.
18    And I think that I agree with Mr. Wyda.  There is some serious
19    mental health issues going on here, and maybe there is other
20    things going on here as well, but certainly he has a number of
21    issues that concern his mental health.
22            He's a highly-educated man who is certainly
23    capable -- and now, as a Ph.D. candidate at UMBC in this very
24    field, he's certainly capable of doing at least what the
25    Government suggests, that there is a possibility that there is
```

```
 1   other information out there.
 2           But, in terms of risk of flight, once the Court
 3   determines that the Government has a right to seek detention,
 4   which they do, only under risk of flight -- and I'm going to
 5   make my comments clear.  Once the Government makes that
 6   determination, I look at certain factors that I am compelled
 7   to look at under the Bail Reform Act:  The nature and
 8   circumstances of the offense charged, including whether the
 9   offense is a crime of violence, a violation of § 1591, a
10   federal crime of terrorism, or involves a minor victim, or
11   controlled substance.
12           Looking at the nature and circumstances of the
13   offense in this particular case, it is an egregious offense.
14   The nature and circumstances of the offense alone, if there
15   was an argument that could have been made for danger, would
16   certainly have warranted detention.
17           The weight of the evidence against the person:  When
18   the FBI recovers 50 terabytes of information and documents,
19   many of which were highly classified -- other documents, I'm
20   sure, were classified -- then certainly the weight of the
21   evidence is very strong.
22           The history and characteristics of the person:  This
23   is sort of what I was talking about before.  We have someone
24   who may be presenting them self one way, and maybe doing
25   something completely different, and I think that's evident in
```

1  the fact that, you know, he presents himself as sort of the
2  protector of NSA and classified information, but yet walks out
3  and stores it in an unlocked storage shed, information that I
4  am sure many of this country's enemies would love to explore.
5      So, when looking at the issue of risk of flight,
6  based on the Pretrial Services report, where they really don't
7  address a lot of these issues, but they do address the alcohol
8  abuse, the fact that -- and Mr. Wyda pointed out the fact that
9  there is certainly a mental health issue, and he does have
10 ties to the community, and I credit his family for being here,
11 but remember:  For 20 years, while this was going on, his
12 family was there, and I'm sure they knew nothing about this.
13     So, based on the issue of risk of flight, I find by
14 a preponderance of the evidence that the Defendant does pose a
15 risk of flight, and I will detain the Defendant on that basis
16 alone.  If the Court were to also consider, under
17 § 3142(g)(4), the nature and seriousness of the danger to any
18 person in the community that will be posed by the person's
19 release, if I were to consider that, I would also find, by
20 clear and convincing evidence, that there are no conditions
21 that could ensure the safety of the public as well as the
22 presence of the Defendant.
23     However, I'm detained -- as I'm saying, the
24 Government has restricted my decision to the issue of risk of
25 flight; however, one of the factors, as I've said, under

```
 1    § 3142(g)(4), the nature and seriousness of the danger to any
 2    person in the community that will be posed by the release,
 3    it's clear that the Government sort of paints the Defendant as
 4    a walking encyclopedia of classified information.  I don't
 5    know if that's completely correct, but I do know that he had
 6    access to all of this information, and I credit him, and I
 7    certainly am glad we're not sitting here talking about
 8    dissemination of information to foreign powers.
 9              But, at the same time, he is a serious risk to the
10    public.  His release would pose that, and, under § (g)(4), if
11    I were to consider that, I would find that and find by, as I
12    said, clear and convincing evidence there are no conditions
13    that could be set.
14              So that is my ruling.  Is there anything further?
15         MR. MYERS:  Nothing from the Government, Your Honor.
16         THE COURT:  Okay.  Thank you.
17         MR. WYDA:  Not from the Defense, Your Honor.  Thank
18    you.
19         MR. EISENBERG:  Pleasure, Your Honor.
20         THE CLERK:  All rise.  This Honorable Court now
21    stands in recess.
22              (Proceedings adjourned.)
23
24
25
```