IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. MJG-17-0069 |
| HAROLD T. MARTIN, III | * | |
| Defendant. | * | |

*******

### ORDER GRANTING CONTINUANCE AND EXCLUSION OF TIME PURSUANT TO 18 U.S.C. § 3161(h)(7)

Upon consideration of the government's consent Motion for Continuance and Exclusion of Time Pursuant to 18 U.S.C. § 3161(h)(7), the Court makes the following findings:

1. On February 8, 2017, a federal grand jury in the District of Maryland returned an indictment charging the defendant with twenty counts of willful retention of national defense information, in violation of 21 U.S.C. § 793(e). The Defendant had his initial appearance and arraignment on February 14, 2017. The Defendant is detained pending trial.

2. On March 6, 2017, the government filed a Motion for Pretrial Conference Pursuant to Classified Information Procedures Act (the government's "CIPA Section 2 Motion"). *See* ECF 41.

3. On March 13, 2017, the Court granted, in part, the government's CIPA Section 2 Motion, and held a preliminary pretrial conference with counsel of record. *See* ECF 45.

4. On March 31, 2017, the government filed a consent motion for a protective order governing unclassified discovery, *see* ECF 48, which the Court granted on the same day. *See* ECF 49 and 50.

5. On April 6, 2017, the government filed a consent motion for continuance and

1

exclusion of time pursuant to 18 U.S.C. § 3161(h)(7). *See* ECF 51. The same day, the Court entered an order excluding all time from February 14, 2017, through June 30, 2017, from calculation under the Speedy Trial Act. *See* ECF 52.

6. On May 11, 2017, the government filed a consent motion for a protective order governing classified information pursuant to CIPA Section 3. *See* ECF 54. The Court entered the proposed protective order on May 12, 2017. *See* ECF 55.

7. On June 5, 2017, the Court entered an order extending the government's deadline for any *ex parte* filing under CIPA Section 4 and Rule 16(d)(1) to September 15, 2017.

8. The parties submit that the ends of justice will be served by a reasonable continuance of the original speedy trial date and that a continuance outweighs the interests of the defendant and of the public in a speedy trial. The grounds for a reasonable continuance include (1) the need for additional time for the parties to file motions and responses thereto pursuant to CIPA, and for the Court to rule on any such motions; (2) the need to allow time for the defendant's counsel to receive and review discovery; and (3) the need for additional time for the parties to engage in discussions to determine whether the matter can be resolved without a trial.

9. For these reasons, the parties have requested that this Court grant a continuance until September 15, 2017, and exclude the time between June 30, 2017, and September 15, 2017, pursuant to 18 U.S.C. § 3161(h)(7), in computing the time within which trial must commence under the Speedy Trial Act.

10. Having reviewed the government's consent Motion, the Court concludes that, pursuant to 18 U.S.C. § 3161(h), the ends of justice are best served by excluding the time period from June 30, 2017, through September 15, 2017, from the Speedy Trial clock, and that the ends of justice do here outweigh the interest of the public and defendant in a speedy trial.

**WHEREFORE**, in the interests of the defendants and the interests of the public, it is this 30th day of June, 2017, **HEREBY ORDERED** that:

All time from June 30, 2017, through September 15, 2017, is excluded from the 70-day period within which the case would otherwise proceed to trial under the Speedy Trial Act.

/s/
Marvin J. Garbis
United States District Judge