IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Case No. MJG-17-069 |
| HAROLD T. MARTIN, III | * | |

**RESPONSE TO COURT'S FEBRUARY 16, 2018, ORDER RE: LEGAL HEARING**

The defendant, Harold T. Martin, III, through undersigned counsel, hereby submits his response to the Court's February 16, 2018, Order Re: Legal Hearing (Dkt. No. 84). The Court has ordered a hearing and requested briefing on what the government must prove beyond a reasonable doubt before a jury may find Mr. Martin guilty of violating of 18 U.S.C. § 793(e). In particular, the Court has questioned: whether the government must establish that Mr. Martin knew he possessed the particular documents charged in the Indictment and whether it must establish that Mr. Martin knew that those documents contained national defense information ("NDI"). The answer to both questions, as explained below, is yes.

**I. The Statute and the Indictment**

The Indictment charges Mr. Martin with 20 counts of violating the same statute, 18 U.S.C. § 793(e). That statute criminalizes:

> Whoever having unauthorized possession of, access to, or control over any document, writing, code book, signal book, sketch, photograph, photographic negative, blueprint, plan, map, model, instrument, appliance, or note relating to the national defense, or information relating to the national defense which information the possessor has reason to believe could be used to the injury of the United States or to the advantage of any foreign nation, willfully communicates, delivers, transmits or causes to be communicated, delivered, or transmitted, or attempt to communicate, deliver, transmit or cause to be communicated, delivered, or transmitted the same to any person not entitled to receive it, or willfully retains the same and fails to deliver it to the officer or employee of the United States entitled to receive it[.]

18 U.S.C. § 793(e).

1

There are two distinct ways to violate § 793(e): (i) by willfully <u>transmitting</u> NDI to a person not entitled to receive it and (ii) by willfully <u>retaining</u> documents relating to the national defense. Here, the government has charged Mr. Martin only with the willful retention of documents relating to the national defense. He is not charged, and there is no evidence, that Mr. Martin willfully transmitted NDI to a third-party.

In the 20-count Indictment, it is alleged that Mr. Martin "having unauthorized possession of, access to, and control over documents relating to the national defense, willfully retained the documents and failed to deliver them to the officer or employee of the United States entitled to receive them: to wit, MARTIN retained documents relating to the national defense at his residence and in his vehicle without authorization," including 20 allegedly classified documents generally described in the Indictment. <u>See</u> Indictment at ¶ 26. Each count charges the willful retention of a different document, with the first count charging retention of Document A and the twentieth count charging retention of Document T.

**II. The Elements of the Willful Retention of Documents Relating to the National Defense**

To prove that Mr. Martin committed the charged violation of 18 U.S.C. § 793(e), the government must establish the following elements beyond a reasonable doubt:

(1)   that Mr. Martin had unauthorized possession of the document;

(2)   that the document contained information that related to the national defense; and

(3)   that Mr. Martin willfully retained the document or failed to deliver it to the officer or employee of the United States entitled to receive it.

**A.   First Element:  Unauthorized Possession of the Document**

For each count, the government must prove that Mr. Martin possessed the charged document (<u>e.g.</u>, Document A charged in Count One). The jury instruction on possession is the following:

2

> The term possession is a commonly used and commonly understood word. Basically, it means the act of having or holding property, in this case, documents, or the retention of property in one's power or command. Possession may mean actual physical possession. It may also mean constructive possession. A person has constructive possession of documents if he knows where it is or where they are and can get them any time he wants or can otherwise exercise control over them. Possession cannot be found solely on the grounds that the defendant was near or close to the documents, nor can it simply be found because the defendant was present at a scene where the documents were discovered or solely because the defendant may have associated with a person who did control the document or documents when they were discovered.

See Exhibit A at 42-43 (jury instructions on possession element of willful retention charge under § 793(e) in United States v. Kenneth Ford, PJM-05-0235 (D. Md.)); see also Sand, Siffert, et al., 1-29 Modern Federal Jury Instructions – Criminal § 29.04, Instruction 29-22 (jury instructions on possession element of § 793(e) offense) (attached as Exhibit B).

In United States v. Sterling, 1:10cr485 (E.D. Va.), Judge Brinkema was explicit that the possession element of a § 793(e) offense means <u>knowing</u> possession. See Exhibit C at 30-31, 37 (jury instructions on possession element of willful retention charge under § 793(e) in United States v. Sterling, 1:10cr485 (E.D. Va.)). The Court in Sterling instructed the jury that, in order to prove possession, the government must show either that: the defendant "<u>knowingly</u> has direct physical control over a thing at a given time" or "<u>knowingly</u> has both the power and intention at a given time to exercise dominion or control over a thing." Id. (emphasis added). So too here: to obtain convictions on all 20 counts, the government must prove that Mr. Martin <u>knew</u> he possessed each of the charged documents.

The government also must prove that Mr. Martin's possession of each of the charged documents was unauthorized. The jury instruction on unauthorized possession is as follows:

> Unauthorized possession means possession of classified information by a person who does not hold a security clearance, by a person who holds a security clearance without the need to know, or by a person who holds a security clearance, has a need to know, but removed the classified information from the official premises without

3

authorization. A person has unauthorized possession of something if he is not entitled to have it. The term need to know means a determination made by an authorized holder of classified information that a prospective recipient requires access to specific classified information in order to perform or assist in a lawful and authorized Government function.

See Exhibit A at 41-42 (jury instructions on unauthorized possession element of willful retention charge under § 793(e)); see also Sand, Siffert, et al., 1-29 Modern Federal Jury Instructions – Criminal § 29.04, Instruction 29-22 ("A person has unauthorized possession of something if he is not entitled to have it.") (Exhibit B).

Thus, the answer to the Court's question – "Must [the government] prove that Martin knew that he possessed Document A?" – is yes. To obtain a conviction, the government must prove that Mr. Martin knew he possessed Document A.

In regards to possession, the Court has proposed a hypothetical fact pattern: "Assuming the Government will prove that Document A was included within a pile of documents and that Martin knew he possessed the pile, must he have known that the pile includes that specific document?" The answer, again, is yes: the government must prove that Mr. Martin knew that the specific charged document (e.g., Document A) was in the pile. To hold otherwise would eliminate the requirement that Mr. Martin knew he possessed the charged document. It also flies in the face of pattern jury instructions stating that, where an offense contains a "knowing" requirement with respect to an element of the offense, the government must prove that the defendant "was conscious and aware of the nature of [his] actions and of the surrounding facts and circumstances." Sand, Siffert, et al., S1-3 Modern Federal Jury Instructions – Criminal 5.02, Instruction 5.02 (attached as Exhibit D). The government, in other words, must establish "what was in [the defendant's] mind at that time." Id.

4

To answer the Court's hypothetical in the negative – that the government does <u>not</u> need to prove that Mr. Martin knew the pile included the specific document – would mean that the government need not prove Mr. Martin's state of mind and would permit a conviction for possessing a pile of papers, some of which may contain NDI and some of which may not. Under that unconstitutional scenario, Mr. Martin would be held criminally responsible for having a document in his possession even though the government had not proven that he <u>knew</u> he had the document. That is not, and cannot be, the law.

B. **Second Element: Document Relates to the National Defense**

For each count, the government must prove that the charged document contains information relating to the national defense.

To establish that the document contains information relating to the national defense, the government must prove (1) that information in the document was "closely held," <u>i.e.</u>, that its contents had not been made public, see <u>United States v. Morison</u>, 844 F.2d 1057, 1071-72 (4th Cir. 1988), and (2) that the document contains information which, if disclosed, would be potentially damaging to the national defense. <u>Id.</u> at 1071.

C. **Third Element: Willful Retention of the Document**

For each count, the government must prove that Mr. Martin "willfully" retained the charged document. "Willful" means "an intentional violation of a known legal duty." <u>United States v. McGuinness</u>, 35 M.J. 149, 153 (C.M.A. 1992); <u>see also</u> <u>Morison</u>, 844 F.2d at 1073 (approving the district court's jury instruction that "willfully" under the Espionage Act means that the "prohibited act [must] be done deliberately and with a specific purpose to do that which was proscribed") (internal quotation marks omitted). As the Court has routinely instructed in other cases, "[a]n act is done willfully if it is done voluntarily and intentionally and with specific intent

5

to do something the law forbids, that is to say, with a bad purpose either to disobey or disregard the law." Sand, Siffert, et al., 1-29 Modern Fed. Jury Instructions – Crim. § 29.04, Instruction 29-25 (Exhibit B).

Judge Messitte gave this "willful" instruction in the Ford case in which the defendant was charged with willful retention under § 793(e):

> In deciding whether the defendant willfully retained the documents, you may consider all the evidence received at trial, including any evidence concerning the classification status of the documents and any testimony concerning limitations on access to the documents or retention of them. As I have told you, an act is done willfully if it's done voluntarily and intentionally with the specific intent to do something the law forbids, with a bad purpose either to disobey or disregard the law.

Exhibit A at 44-45. Judge Brinkema gave a substantially similar instruction in Sterling. See Exhibit C at 36, 38. Judge Bennett would have given the same "willful" instruction in United States v. Drake if the case against Thomas Drake had proceeded to trial. See United States v. Drake, 818 F. Supp. 2d 909, 916-18 (D. Md. 2011) (J. Bennett) (explaining that, to prove a violation of willful retention under § 793(e), the government must show that the defendant "acted with knowledge that his conduct was unlawful") (emphasis added).

Judge Ellis, in United States v. Rosen, 445 F. Supp. 2d 602 (E.D. Va. 2006), discussed the importance of the "willful" requirement in § 793(e) prosecutions. Id. at 624-25. The Court found that in such prosecutions for either transmission or retention, the government must prove beyond a reasonable doubt that the defendant "'willfully' committed the prohibited conduct." Id. at 625 (emphasis in original). The Court further found that "this 'willfulness' requirement 'eliminat[es] any genuine risk of holding a person 'criminally responsible for conduct for which he could not reasonably understand to be proscribed.'" Id. at 625-26 (citing United States v. Hsu, 364 F.3d 192, 197 (4th Cir. 2004)). To give meaning to the willfulness requirement in the statute, Judge

6

Ellis concluded that "the government must prove beyond a reasonable doubt that the defendants knew the information was NDI" and that they acted "with a bad purpose either to disobey or to disregard the law." Id. (citing Morison, 844 F.2d at 1071); see also United States v. Steele, 2011 WL 414992, at *4 & *5 (Army Ct. Crim. App. Feb. 3, 2011) (holding that willful retention prosecution under § 793(e) required proof that defendant willfully retained NDI and that defendant knew the information he retained was NDI); Drake, 818 F. Supp. 2d at 917 ("In cases like this one, involving documents, the defendant need only have acted willfully, as a defendant will more readily recognize a document relating to the national defense based on its content markings or design . . . ."); United States v. Hitselberger, 991 F. Supp. 2d 101, 108 (D.D.C. 2013) (holding in willful retention under § 793(e) case, "the core of 'willful' misconduct is to act with the knowledge or intent to disregard the law").

Thus, to prove Mr. Martin "willfully" retained a document containing national defense information, the government must prove that he acted with the "specific intent to do something the law forbids." Here, the law forbids the retention of a document containing national defense information. The law does not forbid the mere retention of a document that Mr. Martin was not authorized to possess. That the document contains national defense information is essential to the crime. It follows, then, that to prove Mr. Martin acted "willfully," i.e., "with the specific intent to do something the law forbids," the government must prove that: Mr. Martin knew he had the document in his home; he knew was not authorized to have it there; he knew that the document contained NDI; and notwithstanding his knowledge, he retained the document.

The answer, therefore, to the Court's question – "what must the Government prove that Martin knew about the contents of Document A, i.e., whether it contained national defense information" – is that it must prove that Mr. Martin knew the contents of Document A contained

national defense information. Mere unauthorized possession and retention of a document does not give rise to criminal liability. What makes the conduct in § 793(e) criminal is when the person knows the information in the document contains national defense information and, regardless of that knowledge, chooses to retain it at home. It is then, and only then, that the government can prove that a defendant acted "with specific intent to do something the law forbids" or "with a bad purpose either to disobey or disregard the law."

### III. Conclusion

For the reasons stated above, to establish that Mr. Martin committed the § 793(e) offenses charged in the Indictment, the government must prove that Mr. Martin knew that he possessed the specific charged documents and that those documents contained national defense information.

Respectfully submitted,

/s/

———————————————————
JAMES WYDA, #25298
Federal Public Defender

DEBORAH L. BOARDMAN, #28655
First Assistant Federal Public Defender

SHARI SILVER DERROW, #19181
Assistant Federal Public Defender
Office of the Federal Public Defender
100 South Charles Street, Tower II, 9th Floor
Baltimore, Maryland 21201
Phone: 410-962-3962
Fax: 410-962-0872
Email: jim_wyda@fd.org
       deborah_boardman@fd.org
       shari_derrow@fd.org