**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. MJG-17-0069** |
| | * | |
| **HAROLD T. MARTIN, III** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\*\*\*\*\*\*\*

**GOVERNMENT'S BRIEF IN RESPONSE TO ORDER DATED FEBRUARY 16, 2018**

## I.     INTRODUCTION

The Defendant, Harold T. Martin, III, is charged with twenty counts of violating Title 18, United States Code, Section 793(e).  On February 1, 2018, the Government appeared *ex parte* before this Court for a hearing on the Government's motion pursuant to Section 4 of the Classified Information Procedures Act, 18 U.S.C. App. III (CIPA).  By Order dated February 16, 2018, the Court directed the parties to file briefs regarding the elements of Title 18, United States Code, Section 793(e), particularly as to *mens rea*.  *See* Doc. 84.  Accordingly, this Brief sets forth the elements of the offense.

To convict the Defendant, the Government must prove that the Defendant, having unauthorized possession of documents that related to national defense, willfully retained those documents—in other words, that he retained the documents knowing that his conduct was unlawful.  The Court has asked whether the Government must prove that the Defendant knew that he possessed the specific documents listed in the Indictment, and whether he was aware that the contents of those specific documents constituted national defense information.  The Government is not required to prove either.  The Government must prove that the Defendant knew in general that his conduct violated the law.  Requiring proof that the Defendant knew

precisely what documents he possessed, or that he knew the precise reason that his retention of those documents was unlawful, would be inconsistent with the statute and case law.  Moreover, such a requirement would cause the absurd result that a defendant could avoid culpability merely by committing a crime of such magnitude that he could claim ignorance of the details.

In this case, the Defendant appears to believe that, because he stole and retained such a vast quantity of classified information from secure facilities of the U.S. Intelligence Community, he could not know exactly what he stole, and therefore cannot be convicted of retaining any particular stolen classified documents.  For the reasons set forth below, the Court should reject this argument and base its discovery determinations on the elements of the charged crime.

## II.     DISCUSSION

Section 793(e) provides:

> Whoever having unauthorized possession of, access to, or control over any document, writing, code book, signal book, sketch, photograph, photographic negative, blueprint, plan, map, model, instrument, appliance, or note relating to the national defense, or information relating to the national defense which information the possessor has reason to believe could be used to the injury of the United States or to the advantage of any foreign nation, willfully communicates, delivers, transmits or causes to be communicated, delivered, or transmitted, or attempts to communicate, deliver, transmit or cause to be communicated, delivered, or transmitted the same to any person not entitled to receive it, or willfully retains the same and fails to deliver it to the officer or employee of the United States entitled to receive it

> . . .

> [s]hall be fined under this title or imprisoned not more than ten years, or both.

18 U.S.C. § 793(e).

"The meaning of [the] essential terms [of Section 793(e)] . . . have been well-settled within the Fourth Circuit since the United States Court of Appeals for the Fourth Circuit issued its opinion in *United States v. Morison*, 844 F.2d 1057 (4th Cir.1988)."  *United States v. Drake*,

818 F. Supp. 2d 909, 916 (D. Md. 2011).  To convict a defendant of violating Section 793(e) for

retaining a document (rather than intangible "information") containing information relating to

national defense (hereinafter, "national defense information" or NDI), the Government is

required to prove beyond a reasonable doubt that: (1) the defendant had unauthorized possession

of a document; (2) the document related to the national defense; and (3) the defendant willfully

retained the document and failed to deliver it to the officer or employee of the United States

entitled to receive it.  18 U.S.C. § 793(e); *United States v. Ford*, No. 05-cr-0235 (D. Md.), Doc.

38 (Jury Instruction No. 41) (Jury Instructions attached);[1] *see United States v. Hitselberger*, 991

F.Supp.2d 101, 104-06 (D.D.C. 2013); *Drake*, 818 F. Supp. 2d at 916-18; *see also* Sand, Sieffert,

*et al.*, Modern Fed. Jury Instructions – Criminal, Instruction No. 29-21.[2]

---

[1] Ford was charged with, *inter alia*, unauthorized retention of national defense information under 18 U.S.C. § 793(e).  In Jury Instruction No. 41, the Hon. Peter J. Messitte instructed the jury on the elements of the offense:

> In order to prove the defendant under consideration guilty of Count One in the Superseding Indictment, the government must prove:
>
> First, that on or about the date set forth in the Superseding Indictment, the defendant had unauthorized possession or control over documents relating to the national defense of the United States;
>
> Second, that the defendant willfully retained the same documents and failed to deliver the documents to an officer and employee of the United States who is entitled to receive them.

[2] The model instruction includes an additional element that only applies in cases involving *intangible* evidence, as opposed to cases, such as this one, involving documents.  Specifically, the third element listed in the model instruction, "that the defendant had reason to believe that the document could be used to the injury of the United States or to the advantage [of a foreign country]," does not apply in a case involving documents.  *United States v. Morison*, 622 F. Supp. 1009, 1011 (D. Md. 1985); *see United States v. Kiriakou*, 898 F. Supp.2d 921, 923 (E.D. Va. 2012) (analyzing Section 793(d)); *Drake*, 818 F. Supp. 2d at 916-18.

This Brief addresses each element and responds to the Court's specific questions regarding *mens rea*:

> Of course, the Government must prove that Martin possessed Document A without authority.  However, what must it prove regarding Martin's knowledge of his possession?  Must it prove that Martin knew that he possessed Document A?  What must the Government prove regarding Martin's specific knowledge of his possession of Document A?  Assuming the Government will prove that Document A was included within a pile of documents and that Martin knew he possessed the pile, must he have known that the pile includes that specific document?  And, what must the Government prove that Martin knew about the contents of Document A, *i.e.*, whether it contained national defense information?

Doc. 84 at 1-2.

As discussed in greater detail below, to satisfy the "willfulness" element of Section 793(e), the Government must prove that the Defendant knew in general that his conduct was unlawful, and that his conduct was not due to mistake or accident.  The Government must also prove that the documents contained NDI, but is *not* required to prove that the Defendant specifically knew that the documents contained NDI.

 Individuals, such as the Defendant, who work with classified information are trained to recognize such information and are trained that they may not remove it from its authorized location.  Classified documents are surrounded by physical and procedural protections to ensure that they remain in authorized locations.  As argued further below, in this context, if an individual with the Defendant's training observed in an appropriate authorized storage location a binder or box labeled "TOP SECRET," and took the binder or box home, such an individual would know that his or her retention of the documents within the binder or box was prohibited— and therefore would act willfully in retaining them—even if the individual did not examine the contents of the binder or box.

### A.  Unauthorized Possession

First, the Government must prove that a defendant had unauthorized possession of, access

to, or control over each document.  As Judge Messitte instructed the jury in *Ford*:

> "Possession" is a commonly used and commonly understood word.  Basically, it
> means the act of having or holding property—in this case, documents—or the
> detention of property in one's power or command.  Possession may mean actual
> physical possession or constructive possession. A person has constructive
> possession of documents if he know where [they are] and can get at [them] at any
> time he wants, or otherwise can exercise control over [them].  Possession cannot
> be found solely on the grounds that the defendant was near or close to the
> documents.  Nor can it be found simply because the defendant was present at a
> scene where the documents were discovered, or solely because the defendant
> associated with a person who did control the documents when they were
> discovered.  However, these factors may be considered by you, in connection with
> all other evidence, in making [your] decision whether the defendant has
> unauthorized possession of the documents.

*Ford*, No. 05-cr-235 at Doc. 38 (Jury Instruction No. 42); *see* Sand, Sieffert, *et al.*, Modern Fed.

Jury Instructions – Criminal, Instruction No. 29-22.[3]

A defendant is "unauthorized" to have possession of, access to, or control over classified

information if he or she:  (1) does not hold a security clearance; (2) holds a security clearance

without the need to know; or (3) holds a security clearance, has a need to know, but removed the

classified information from the official premises without authorization.  *See Ford*, No. 05-cr-235

at Doc. 38 (Jury Instruction No. 42); *see also United States v. Truong Dinh Hung*, 629 F.2d 908,

919 n.10 (4th Cir. 1980) ("The trial judge provided adequate content for this phrase by advising

the jury that a person would have authorized possession if he had an appropriate security

---

[3] In this case, evidence of the Defendant's possession of the charged documents may include, for
example, the facts that the documents were in his residence among his other papers and effects,
he was one of two occupants of the residence, he was the only occupant with access to the
documents, and he admitted having classified information in his home.

clearance and if he gained access to the document because it was necessary to the performance of his official duties.").

### B.  Relating to the National Defense

Second, the government must prove that each document contained "information relating to the national defense."  The term "national defense" has been broadly construed.  *See Gorin v. United States*, 312 U.S. 19, 28 (1941) (holding that the phrase "information relating to the national defense" as used in the Espionage Act is a "generic concept of broad connotations, referring to the military and naval establishments and the related activities of national preparedness").  The *Gorin* Court referred approvingly to the district court's jury instructions, which stated that the term "'national defense' includes all matters directly and reasonably connected with the defense of our nation against its enemies."  *Drake*, 818 F. Supp. 2d at 918-19 (citing *Gorin*, 312 U.S. at 30); *see also* Sand, Sieffert, *et al.*, Modern Fed. Jury Instructions – Criminal, Instruction No. 29-23.

Courts have commonly held that, to constitute NDI, the information at issue must be "closely held."  *See United States v. Squillacote*, 221 F.3d 542, 576-77 (4th Cir. 2000) (stating that, if the information is obtained "'from sources that were lawfully available to anyone who was willing to take the pains to find, sift and collate it,'" then it is not closely held (quoting *United States v. Heine*, 151 F.2d 813, 815 (2d Cir. 1945))).  "[T]he central issue is the secrecy of the information, which is determined by the government's actions."  *Id.* at 577; *see* Sand, Sieffert, *et al.*, Modern Fed. Jury Instructions – Criminal, Instruction No. 29-23.  The Fourth Circuit has also held that for information to be NDI, disclosure of that information must be "potentially damaging to the United States or [potentially] useful to an enemy of the United States."  *Morison*, 844 F.2d at 1071-72.

Whether information constitutes NDI is a question for the jury, and the fact that information is classified is not determinative of whether information constitutes NDI.  It is well-established, however, that classification is highly probative of whether information constitutes NDI.  *See Truong*, 629 F.2d at 918; *United States v. Rosen*, 240 F.R.D. 204, 206 (E.D. Va. 2007) ("'Information relating to national defense' is sometimes referred to herein as 'NDI.'  This type of information includes most classified information."); *United States v. Rosen*, 445 F. Supp. 2d 602, 623 (E.D. Va. 2006).  As discussed below, the fact that information is classified is relevant not only to its relationship to the national defense and its status as "closely held," but also to a defendant's willfulness—his knowledge that his retention is unlawful—when that defendant has been trained to recognize and properly handle classified information.  *See Hitselberger*, 991 F. Supp. 2d at 106; *Kiriakou*, 898 F. Supp. 2d at 925.

### C.  Willful Retention

Third, the Government must prove that the Defendant willfully retained NDI and failed to deliver it to the officer or employee of the United States entitled to receive it.  In Section 793(e) cases, courts apply the "simple" willfulness standard defined in *Bryan v. United States*, 524 U.S. 184 (1998).  *Drake*, 818 F. Supp. 2d at 916, 918; *see also Hitselberger*, 991. F. Supp. 2d at 107; *United States v. Kim*, 808 F. Supp. 2d 44, 53 (D.D.C. 2011).  When such cases involve documents (rather than intangible information), no additional *mens rea* requirements apply.  *See Hitselberger*, 991. F. Supp. 2d at 107; *Drake*, 818 F. Supp. 2d at 916, 918.

Under the *Bryan* standard, "a 'willful' act is one undertaken with a 'bad purpose.'" *Bryan*, 524 U.S. at 191.  A defendant acts willfully if he "acted with knowledge that his conduct was unlawful." *Id.* at 191-92; *see United States v. Danielczyk*, 917 F. Supp.2d 573, 578 (E.D. Va. 2013) (distinguishing "*Bryan*" willfulness from the higher willfulness standard applied in tax

7

cases); *see also United States v. Perry*, 2014 WL 7240236 (E.D. Va.) (describing *Bryan* willfulness as a "slightly more relaxed definition" than that applied in *Ratzlaf v. United States*, 510 U.S. 135 (1994)).  Thus, as described in the *Ford* jury instructions:

> "Willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law.
>
> [A] defendant's conduct was not "willful" if it was due to negligence, inadvertence, or mistake.

*Ford*, No. 05-cr-0235, Doc. 38 (Jury Instruction No. 17).  Similarly, the Fourth Circuit in *Morison* approved the following jury instruction defining willfulness:

> An act is done willfully if it is done voluntarily and intentionally and with the specific intent to do something that the law forbids. That is to say, with a bad purpose either to disobey or to disregard the law. . . .

*Morison*, 844 F.2d at 1071.  Of particular note, to prove that a defendant acted willfully under *Bryan*, the Government must prove that he knew his conduct "was illegal as a general matter," and is not required to show "that he knew *why*."  *United States v. Bishop*, 740 F.3d 927, 932 (4th Cir. 2014) (emphasis in original); *see Bryan*, 524 U.S. at 196 (holding that "knowledge that the conduct is unlawful is all that is required").

Critically, then, a "showing of willfulness only requires that [a defendant] knew he was doing something that was prohibited by law." *Morison*, 622 F. Supp. at 1010.  A defendant therefore acts willfully when he retains documents containing NDI *that he knows it is unlawful for him to retain*.  The Government is not required to prove that a defendant knew all of the details of *why* his conduct was unlawful.  *Bishop*, 740 F.3d at 932.  Accordingly, in this case, the Government must prove that the Defendant knew generally that his conduct—bringing home documents clearly marked as being classified—was unlawful.  The Defendant's own knowledge

or belief that the documents contained NDI—as opposed to his awareness that it was unlawful to

retain them—is immaterial:

> National defense is not a subjective test; it does not matter whether the defendant
> himself believed that the photographs and/or documents did indeed relate to the
> national defense.  It is purely an objective test, and one for the jury to decide after
> considering all of the evidence. . . .  It is irrelevant whether the defendant
> personally believed that the items related to the national defense.

*Morison*, 622 F. Supp. at 1010; *see Drake*, 818 F. Supp. 2d at 916.

Of course, in this case, as in *Morison*, 844 F.2d at 1073-74, *Kiriakou*, 898 F. Supp. 2d at

925, and similar cases, the Defendant was well aware that classified documents are controlled for

national security reasons, and that removing and retaining them is unlawful.  In this regard,

relevant evidence of a defendant's willful violation of the law can include the defendant's

training and his acts of deception to evade detection.  *See Bishop*, 740 F.3d at 936.  The

Government has ample evidence of the Defendant's lengthy history of assignments within the

U.S. Intelligence Community, his receipt of multiple security clearances, his training in the

identification and handling of classified information, and the security environment in which he

worked.  For example, the Defendant was specifically instructed that a TOP SECRET

classification indicates that a document is so sensitive that its unauthorized disclosure

"reasonably could be expected to cause exceptionally grave damage to the national security."

Exec. Order 13526 § 1.2(a)(1).  He worked in secure U.S. Intelligence Community facilities that

were guarded, that required security clearances for access, and in which protection of classified

information was a pervasive and paramount concern.  Moreover, investigators even seized

relevant security training materials from the Defendant's residence.

Also similar to the Defendant in *Bishop*, the Defendant also attempted to minimize his

conduct and deceive investigators.  Ultimately, however, the Defendant admitted the *mens rea*

element when he acknowledged that he retained classified information at his residence despite knowing it was unlawful to do so.

There can be no question that the Defendant in this case knew that he was prohibited by law from removing documents marked TOP SECRET from their secure, authorized location, and was prohibited from retaining them at his home and in his vehicle. When he nevertheless removed and retained such documents, he did so willfully, regardless of whether he knew which classified documents he took. In that regard, the Defendant in this case is similar to the hypothetical defendant described above, who removes from an authorized storage location a binder or box bearing markings that the contents are classified TOP SECRET. A defendant with this Defendant's background and training would know that he was not authorized to remove the binder or box from its proper storage location, and that he was not authorized to retain the contents at his residence. Such a defendant would not need to view the specific contents to know this.

## III.   SUMMARY CONCERNING MENS REA

Accordingly, in response to the Court's questions regarding *mens rea*:

1:      [W]hat must [the Government] prove regarding Martin's knowledge of his possession? Must it prove that Martin knew that he possessed Document A? What must the Government prove regarding Martin's specific knowledge of his possession of Document A?

Section 793(e) requires the Government to prove that the Defendant retained documents that he knew he was prohibited by law from retaining, and that the documents contained NDI. The Government must prove that the Defendant was generally aware that his conduct violated the law, and that his conduct was not due to mistake or error. There is no additional requirement for the Government to prove that the Defendant knew which specific documents he possessed or *why* his retention of those documents was unlawful.

Proof of the Defendant's willfulness may consist of, for example: circumstantial evidence such as the Defendant's training, the security environment in which the charged documents would ordinarily be maintained, and the markings on those documents; the facts that the charged documents (along with a vast quantity other classified documents) were present in the Defendant's residence, the Defendant and his wife were the only occupants of the residence, and the Defendant's wife could not have removed the documents from their authorized storage location; and the Defendant's admissions to investigators that he retained classified information in his residence despite knowing that he was not permitted to do so. The steps necessary for the charged documents to be transported from their proper location to the Defendant's residence, and the measures in place to prevent that from occurring, are strong evidence that the Defendant could not steal and retain such a volume of documents unknowingly. His admission, of course, further reflects his overall awareness that he retained classified information at home and his knowledge that such conduct was prohibited by law. Such evidence illustrates the common-sense conclusion that the Defendant could willfully possess classified documents without being aware of the specific contents of the charged documents.[4]

2:      Assuming the Government will prove that Document A was included within a pile of documents and that Martin knew he possessed the pile, must he have known that the pile includes that specific document?

Section 793(e) does not require the Government to prove that the Defendant knew that particular documents were contained within the classified documents he unlawfully retained. Rather, the Government must prove that he was generally aware that his conduct was prohibited

---

[4] Even though the Government is not required to prove that the Defendant knew he possessed the specific charged documents, evidence regarding the location of physical documents, as well as digital forensic findings, are also probative of the Defendant's knowledge that he possessed the specific documents listed in the Indictment.

by law.  The Defendant's theft and retention of vast quantities of classified documents does not relieve him of culpability for retaining each individual document.

3:      And, what must the Government prove that Martin knew about the contents of Document A, *i.e.*, whether it contained national defense information?

The Government is only required to prove that the Defendant knew he was prohibited by law from retaining the documents.  It is well-settled that the Government is not required to prove that, in a case where the defendant is charged with the retention of documents related to the national defense, the defendant knew they contained NDI.  *See, e.g., Morison*, 622 F. Supp. at 1010; *Drake*, 818 F. Supp. 2d at 916.

## IV.   CONCLUSION

As set forth above, the Government must prove the following in this prosecution:  (1) the Defendant had unauthorized possession of the documents underlying the Indictment; (2) the documents underlying the Indictment contained information related to the national defense; and (3) the Defendant willfully retained the documents and failed to deliver them to the officer or employee of the United States entitled to receive them.  To establish willfulness, the Government must show that the Defendant knew that his conduct was prohibited by law and that he did not retain the documents due to negligence, inadvertence, or mistake.  The Government is not required to prove that the Defendant knew specifically which documents containing NDI he

retained, and is not required to prove that he knew the documents contained NDI. This Court should reject any attempt to add additional elements of the crime charged.

Respectfully submitted,

STEPHEN M. SCHENNING
ACTING UNITED STATES ATTORNEY

By:        _____/s/_____
Harvey E. Eisenberg
Assistant United States Attorney
Chief, National Security Section

_____
Zachary A. Myers
Nicolas A. Mitchell
Assistant United States Attorneys
36 South Charles St., 4th Floor
Baltimore, Maryland 21201
Tel.: (410) 209-4800

_____
David C. Aaron
Trial Attorney
U.S. Department of Justice
National Security Division