IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. MJG-17-0069 |
| | * | |
| HAROLD T. MARTIN, III | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*\*\*\*\*\*

## GOVERNMENT'S BRIEF IN RESPONSE TO DEFENDANT'S SUBMISSION REGARDING THE ELEMENTS OF 18 U.S.C. § 793(e)

The Defendant, Harold T. Martin, III, abused the trust his country placed in him when he retained an astonishing quantity of highly classified paper and electronic documents in his home, shed, and car. The documents span over twenty years of the nation's most important and closely held secrets. The stolen documents include Top Secret documents from four different government agencies, pertaining to a wide variety of subject matter, many far afield from anything remotely relevant to the tasks he had been trusted to perform. The Defendant was repeatedly trained on the handling of classified information and knew his conduct was unlawful, as he admitted to investigators.

The Defendant now seeks to use the unprecedented magnitude, enormity, diversity, and duration of his crimes as a defense, while grafting unsupported *mens rea* requirements onto the charged crimes. In essence, he argues that he stole so much highly classified information from secure government facilities that he cannot be held accountable for retaining any particular document. The Defendant also argues that the Government must prove not only that he knew his conduct violated the law, but also that he personally assessed each document he retained and determined that each satisfied the definition of "national defense information" (NDI). That claim

is completely unsupported by authority.  This Court should reject the Defendant's absurd attempt to benefit from the magnitude of his own wrongdoing.

> I. **A Defendant Retains Documents Willfully If He Knows That His Retention Is Unlawful**

The conduct that Title 18, United States Code, Section 793(e) prohibits is the retention of NDI by someone who possesses it without authorization.  18 U.S.C. § 793(e).  The Government must prove that a defendant engaged in that prohibited conduct "willfully."  *Id.*  Simple willfulness is the only *mens rea* requirement in Section 793(e).  *See United States v. Drake*, 818 F. Supp. 2d 909, 918 (D. Md. 2011) ("the Government need only prove simple willfulness"); *United States v. Morison*, 622 F. Supp. 1009, 1010 (D. Md. 1985).  A defendant acts with simple willfulness when he knows that his conduct violates the law.  *Bryan v. United States*, 524 U.S. 184, 193 (1998); *Drake*, 818 F. Supp. 2d at 918 ("'Willfully' is Consistently Interpreted"); *Morison*, 622 F. Supp. at 1010.  Critically, willfulness does not require the Government to prove that a defendant knew precisely *why* his conduct was illegal.  *Drake*, 818 F. Supp. 2d at 916; *Morison*, 622 F. Supp. at 1010; *see United States v. Bishop*, 740 F.3d 927, 932 (4th Cir. 2014).  Indeed, a defendant's subjective belief about the relationship to national defense of the documents he retains is "irrelevant."  *Morison*, 622 F. Supp. at 1010; *United States v. Hitselberger*, 991 F. Supp. 2d 101, 106 (D.D.C. 2013) ("[the defendant's] training places him on notice that the government considers information contained in classified documents important to national security").  Accordingly, the District Court in *Morison* instructed the jury:

> There are 3 essential elements to be proved to establish the offense as charged . . . .  First, that the defendant . . . had unauthorized possession of portions of the documents and writings that are referred to in that count . . . .  Secondly, that . . . the defendant did willfully retain those documents and the writings . . . and failed to deliver them to the officer or employee of the United States who was entitled to receive them.  And third, that the documents that were willfully retained and not delivered were documents relating to the national defense.

*Morison*, Crim. No. Y–84–00455 (D. Md. 1985) (Jury Instructions attached); *see United States v. Morison*, 844 F.2d 1057 (4th Cir. 1992) (1071-73) (affirming conviction and approving jury charge on specific elements).

Notwithstanding the language of the statute, and the published opinions analyzing it, the Defendant asks this Court to impose two additional, unwritten *mens rea* requirements to the offense: (1) that he knew which specific documents he possessed without authorization; and (2) that he knew those documents contained NDI. These requirements appear nowhere in the statute, and the cases upon which he relies do not support his novel position.[1]

## II. The Government Must Prove That The Defendant Knew He Was Engaged In Unlawful Conduct, Not That He Knew He Possessed The Specific Documents Charged In The Indictment

Notwithstanding the Defendant's characterization, the Government does not seek to eliminate the *mens rea* element of Section 793(e). The Government must prove that the Defendant was aware that he was unlawfully retaining documents. *See, e.g., United States v. Truong Dinh Hung*, 629 F.2d 908, 919 (4th Cir. 1980) ("Even though § 793(e) does not include scienter language identical to the language of § 794(a), it does require that the accused 'willfully'

---

[1] The terms "possession" and "retention" appear in different clauses of Section 793(e). The "possession" clause of the statute distinguishes subsections (d) and (e) of Section 793. Section 793(d) applies to defendants whose possession of NDI is lawful, and Section 793(e) applies to defendants whose possession of NDI is unauthorized. To convict a defendant under Section 793(e), the Government must prove (1) "that the defendant had unauthorized possession or control over documents relating to the national defense," and (2) "that the defendant willfully retained" those documents. *United States v. Ford*, No. 05-cr-0235 (D. Md.), Instr. 41. The "willfulness" standard thus applies to a defendant's retention. As described herein, "willfully" is a higher standard than "knowingly." Neither *mens rea* standard requires the specificity of knowledge for which the Defendant argues.

3

transmit the information.");[2] *Hitselberger*, 991 F. Supp. 2d at 107 (noting that a simple scienter requirement provides adequate notice to a defendant that his conduct is proscribed).

The Defendant, however, claims that the Government must prove that the Defendant knew precisely why that retention was unlawful—in particular, that the Defendant knew precisely that he had *specific* classified documents. Def. Br. at 1. The cases the Defendant cites do not support his extreme position.

The Defendant argues that a jury instruction in *United States v. Sterling*, No. 1:10-cr-485 (E.D. Va.), imposes a new element for the Government to prove: that a defendant who takes an enormous volume of classified information from a highly secure location and retains that information at home cannot be convicted of willfully retaining those documents unless the Government can prove that he read and catalogued each one. Def. Br. at 3-4. Putting aside the fact that this argument is not supported by any judicial opinion, neither the jury instruction in *Sterling* nor any other jury instruction the Defendant cites supports the Defendant's argument.

The general instruction on possession upon which the Defendant relies—that actual possession consists of "knowingly ha[ving] direct physical control" (*id.*, Doc. 440, at 30)—does not raise the Government's burden. The *Sterling* court instructed the jury that an "individual acts knowingly if he was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident." *Id.* at 40. Nothing in the court's instructions on possession or knowledge stated that a defendant must have specific knowledge of the details of what he or she possesses in order to possess it knowingly.

---

[2] The "willfulness" standard in Section 793(e) applies to both retention and transmission cases. 18 U.S.C. § 793(e).

Rather, under the instruction (which describes an element, not an entire crime), a defendant simply must have known that he had documents, and must not have acquired them by accident.

The *Sterling* instruction on "possession" thus does nothing more than reiterate the common-sense point that a defendant cannot be convicted if his possession of NDI is the result of "ignorance, mistake, or accident." *Id.* at 40.  Even if a "knowing" *mens rea* were incorporated into the statute, it would therefore not impose upon the Government any greater burden than the "willful" standard that applies to the retention element.  Indeed, willfulness incorporates knowledge.  *Bryan*, 524 U.S. at 192.  Accordingly, the Government's argument in its initial Response to this Court's Order—that willfulness only requires that a defendant had a general awareness that he was engaged in illegal conduct—would apply with equal force to a knowledge requirement if one existed.  Both the "willfully" and "knowingly" standards require the Government to prove that a defendant did not act inadvertently.

In that regard, the Defendant's argument is analogous to equally meritless claims by defendants in controlled substances cases who contend that the Government must prove that such defendants knew which particular controlled substance they possessed or distributed.  Courts have rejected such arguments, holding instead that a defendant can "knowingly possess" a controlled substance even when he or she lacks particularized knowledge of the identity of the drug.  *See, e.g., United States v. Ali*, 735 F.3d 176, 186-87 (4th Cir. 2013) (holding that the Government need only prove the defendant knew substance was illegal, not what the substance was); *United States v. Hussein*, 351 F.3d 9, 19 (1st Cir. 2003) (same).

Moreover, similar to the controlled substances cases discussed above, in this case the overly restrictive reading of the statute the Defendant proposes is not necessary to ensure that the statute does not criminalize otherwise innocent conduct.  *See Bates v. United States*, 522 U.S. 23,

5

29, 31 (1997) (noting that the Supreme Court "resist[s] reading words or elements into a statute that do not appear on its face," particularly when the statute does not "set a 'trap for the unwary'"). For example, a defendant charged with willfully assaulting a federal officer, 18 U.S.C. § 111(a)(1), can be convicted even if he or she did not know that the victim was a federal officer. *United States v. Behrens*, 604 Fed. App'x 307, 308 (4th Cir. 2015). Rather, to establish willfulness, the Government must only prove that he or she intended to violate the law (*i.e.,* he intended to assault someone). *Id.*; *United States v. Feola*, 420 U.S. 671, 684-85 (1975) (finding that this "is no snare for the unsuspecting," because a defendant would know that his "course of conduct is wrongful"). Similarly, the willfulness element of Section 793(e) is sufficient to protect against prosecutions for innocent conduct, because it requires proof that a defendant knew that he was engaged in unlawful conduct.[3] *See also United States v. Sun*, 278 F.3d 302, 309 (4th Cir. 2002) (noting that the willfulness standard in export control cases ensures adequate notice of proscribed conduct).

    In that regard, the Defendant is incorrect when he claims that the Government's position would create liability for "possessing a pile of papers" that happened to contain NDI. Def. Br. at 5. Because the Government must prove that a defendant knew he was acting unlawfully, a defendant could not be convicted under Section 793(e) for retaining a pile of papers that he had no reason to believe it was unlawful for him to retain. To convict a defendant under Section 793(e), however, the Government would not have to prove that the defendant was aware of the

---

[3] To be sure, in this case the Government intends to prove, under the appropriate totality-of-circumstances analysis, that the Defendant in this case possessed the charged documents without authorization and retained them willfully, *i.e.,* knowing that he was engaging in unlawful conduct. As in any case, the Government may rely on direct and circumstantial evidence of actual or constructive possession.

*specific* NDI in the pile, as long as the Government could prove that the defendant knew that his conduct was unlawful.

In sum, willfulness is the only *mens rea* the Government must prove to convict the Defendant of violating Section 793(e). Adding a requirement for the Government to prove that the Defendant possessed classified documents "knowingly" is not supported by authority, is not what the *Sterling* instruction did, and is not necessary to prevent criminalizing innocent conduct. In any event, however, adding a "knowingly" requirement would not increase the Government's burden, because the "willfully" standard sets a higher bar. Moreover, as set forth in the Government's initial Brief, the "willfully" standard simply requires the Government to prove that the Defendant was aware that he was unlawfully retaining documents, not that he knew exactly which documents he was unlawfully retaining.

### III. The Government Is Not Required To Prove That The Defendant Knew The Documents He Retained Contained NDI

Courts in this District have ruled explicitly in two cases that "it is irrelevant whether the defendant personally believed that the items related to the national defense." *Drake*, 818 F. Supp. 2d at 917 (citing *Morison*, 622 F. Supp. at 1010). The Government is therefore not required to prove that a defendant knew that retained documents contained NDI, as long as the Government can prove that the defendant knew that retaining those documents was unlawful. *See Sterling*, 1:10-cr-485, Doc. 440, at 38 ("[T]he government does not have to prove that the defendant acted with the intent or reason to believe that his retention of the document could be used to the injury of the United States or to the advantage of any foreign nation. Instead, the government only must prove that the defendant acted willfully.").

In an effort to dispute this settled rule, the Defendant relies on a case that is factually distinguishable in important respects and about which the Fourth Circuit directly expressed

7

concern.  The remaining cases the Defendant cites either state the willfulness standard generally, or directly contradict his argument.  Def. Br. at 7.

To begin, the Defendant's reliance on the elements articulated in the discovery order in *United States v. Rosen*, 445 F. Supp. 2d 602 (E.D. Va. 2006), is misplaced.  *Rosen* involved the transmission of *intangible* NDI.  As a result, the case implicated a scienter requirement that does not exist in document-based cases.[4]  Moreover, the District Court in *Rosen* made substantial efforts to account for the fact that it can be difficult to determine whether orally communicated information is classified and the defendants, who were not government employees, were not trained or immersed in the security procedures that attend classified information.  *Id.* at 624-25.  The court therefore appears to have added elements to the Government's burden of proof.  In this case, of course, the Defendant retained tangible documents, so no elevated scienter is required.  Moreover, the Defendant was well-trained in the identification of classified documents and in the fact that classification reflects a U.S. Government judgment that the document must be controlled for national security reasons.  Even without these important factual distinctions, however, *Rosen* is of no avail to the Defendant.  Critically, when the Fourth Circuit reviewed on interlocutory appeal the District Court's discovery ruling under the Classified Information Procedures Act, 18 U.S.C. App. III (CIPA), the Circuit Court determined that, while it lacked jurisdiction to review the District Court's articulation of the elements, any addition of elements to the statute was improper:

---

[4] Section 793(e) includes an additional scienter requirement for cases involving *intangible* information, specifically that the defendant have reason to believe that the NDI at issue "could be used to the injury of the United States or to the advantage of any foreign nation."  18 U.S.C. § 793(e).  This additional *mens rea* element does not apply in document-based cases such as this.  *Drake*, 818 F. Supp. 2d at 916-17; *Rosen*, 445 F. Supp. 2d at 626.

> Although we do not possess jurisdiction to review the § 793 Order at this juncture, it is apparent that the district court worked tirelessly to balance the competing forces inherent in a prosecution involving classified information, and that its efforts to protect the fair trial rights of the defendants were not inappropriate. *We are nevertheless concerned by the potential that the § 793 Order imposes an additional burden on the prosecution not mandated by the governing statute. Section 793 must be applied according to its provisions,* as any other course could result in erroneous evidentiary rulings or jury instructions.

*United States v. Rosen*, 557 F. 3d 192, 199 n.8 (4th Cir. 2009) (emphasis added); *see Kiriakou*, 898 F. Supp. 2d at 925 (noting Fourth Circuit criticism of elements added by the *Rosen* court and declining to apply the reasoning of *Rosen* in case involving defendant with "recognized obligation" to protect classified information).

The Defendant also relies on *Drake*, which as described above explicitly held that a defendant's belief or disbelief that a document relates to national defense is irrelevant to his guilt as long as he retained it willfully. The other cases the Defendant cites merely restate the *Bryan* simple willfulness standard. To be sure, *Hitselberger* and *Drake* describe classification markings as one way that a defendant would know that retaining a document was unlawful. *Hitselberger*, 991 F. Supp. 2d 106; *Drake*, 818 F. Supp. 2d at 917. Nothing in those cases, however, states that to prove willful retention, the Government must establish that a defendant knew which specific retained documents contained NDI.

### IV. Conclusion

The Government must prove that the Defendant had unauthorized possession of documents, that he willfully retained those documents knowing it was unlawful to do so, and that those documents contained NDI. Willfulness does not require the Defendant know precisely why his retention was unlawful or what particular information made his retention unlawful. The Defendant's claims to the contrary are not supported by the statute, case law, or common sense. Moreover, under the Defendant's proposed rule, defendants who stole larger quantities of

9

classified information would be rewarded with a built-in defense not available to those who stole more manageable stores of the nation's secrets.

Respectfully submitted,

STEPHEN M. SCHENNING
ACTING UNITED STATES ATTORNEY

By:     /s/
Harvey E. Eisenberg
Assistant United States Attorney
Chief, National Security Section

    /s/
Zachary A. Myers
Nicolas A. Mitchell
Assistant United States Attorneys
36 South Charles St., 4th Floor
Baltimore, Maryland 21201
Tel.: (410) 209-4800

    /s/
David C. Aaron
Trial Attorney
U.S. Department of Justice
National Security Division