**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | Criminal Case No. MJG-17-069 |
| **HAROLD T. MARTIN, III** | * | |

**RESPONSE TO GOVERNMENT'S BRIEF IN RESPONSE**
**TO FEBRUARY 16, 2018 ORDER**

The short response to the government's position on what it must establish to prove Mr. Martin guilty of violating 18 U.S.C. § 793(e) is: The government is completely incorrect. According to the government, it need only establish that (i) Mr. Martin took home from work a box with classified markings on its exterior – which, unbeknownst to Mr. Martin, happened to contain a document whose contents related to the national defense – and (ii) that Mr. Martin knew that taking the box home was wrong. The government does not need to prove, according to its February 23 submission, that Mr. Martin knew what was in the box; it need not prove that he knew the box contained any of the 20 documents charged in the indictment; and it need not prove he knew any of the documents in the box contained national defense information. It would be sufficient, according to the government, that Mr. Martin simply brought home a box with classification markings, knowing he was not supposed to remove the box because it had classification markings, and that the box happened to contain a document relating to the national defense, even though Mr. Martin had never seen or intended to bring home that particular document. That is not the law. Far more evidence of criminal intent is necessary to convict Mr. Martin under the Espionage Act.

To prove Mr. Martin guilty of willful retention of a document containing national defense information (NDI) – a felony punishable by up to 10 years in prison – the government must

establish that he knew he possessed the specific document charged in each count of the indictment; that the specific document contained NDI; that Mr. Martin knew the specific document contained NDI; and that notwithstanding his knowledge, he retained the document at home.

### I. The Government Must Prove That Mr. Martin <u>Knew</u> He Possessed Each Charged Document.

The government takes the shocking position that it does not need to prove that Mr. Martin knew he possessed the specific documents charged in each count of the indictment (<u>e.g.</u>, the NSA document charged in Count One). See Dkt. No. 88 at 1, 10 ("There is no additional requirement for the Government to prove that the Defendant knew which specific document he possessed. . ."). Citing no supporting case law or jury instruction, the government claims it only needs to prove that Mr. Martin "was generally aware that his conduct violated the law." This position is unsupported by the statutory language, case law, and jury instructions given in similar cases. And frankly, it makes no sense. The possession of the document has to be a <u>knowing</u> possession, just like the possession of a firearm in a felon-in-possession case must be a knowing possession.

Judges Messitte and Brinkema – two of the few judges who have presided over trials with a §793(e) willful document retention charge – have instructed the jury that the government must prove that the defendant <u>knew</u> he possessed the specific document charged in the indictment. See Dkt. No. 87, Exhibit A at 42-43 (instructions in <u>United States v. Ford</u>) ("Possession cannot be found solely on the grounds that the defendant was near or close to the documents, nor can it simply found because the defendant may have associated with a person who did control the document or documents when they were discovered.") & Exhibit C at 30-31, 37 (instructions in <u>United States v. Sterling</u>) ("The law recognizes two kinds of possession – actual and constructive possession. A person who <u>knowingly</u> has direct physical control over a thing at a given time is in

actual possession of it . . . Now, a person who although not in actual possession, <u>knowingly</u> has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is said to have constructive possession of it.") (emphasis added). Essentially rejecting the government's claim in this case that it need not prove Mr. Martin knew he had the specific charged document, Judge Brinkema instructed: "[T]he government must prove beyond a reasonable doubt . . . that the defendant willfully retained <u>the document in question</u> . . ." (emphasis added). <u>See</u> Dkt. No. 87, Exhibit C at 38. Thus, in both the <u>Ford</u> and <u>Sterling</u> cases, the jury was instructed that the government must prove that the defendant knew he possessed the specific document charged in the willful retention count.

Here, the Court should do the same. The government has charged Mr. Martin with 20 counts of willful retention of 20 different and specifically identified documents (one document per count). As to each count, the government must prove that Mr. Martin knew he possessed the specifically charged document. In his defense to each count, Mr. Martin may argue and introduce evidence that he did not know he had the specific document in his possession; that he possessed the document by accident, inadvertence, or mistake. These are available defenses that even the government acknowledges Mr. Martin may assert at trial. <u>See</u> Dkt. No. 88 at 10 ("The Government must prove . . . that his conduct was not due to <u>mistake or error</u>.") (emphasis added). These defenses are meaningless if the government may convict Mr. Martin without having to prove he knew he had the specific document charged in each count. If, as the government contends, all it had to prove was that Mr. Martin brought home from work a box of documents whose exterior was marked classified and that one of the documents in the box contained NDI, Mr. Martin could not argue that did not realize that document was in the box. Just because he knew he had the box does not mean he knew the contents of the box.

The government's untenable position would lead to convictions in the following circumstances, among others:

- Mr. Martin brought home from work a box that was marked classified on its exterior. He did so because his boss told him that the box was old, that it previously contained classified documents, and that it now contains unclassified magazines that Mr. Martin may take home. Unbeknownst to Mr. Martin, the box contained not only the unclassified magazines but the NSA document charged in Count One, which he did not realize he had brought home.

- Mr. Martin brought home from work a box that was marked classified on its exterior. Before he took the box home, he saw that the first and only visible document in the box was marked "unclassified." Unbeknownst to Mr. Martin, buried in the middle of the box of documents was the USCYBERCOM document charged in Count Fourteen, which he did not realize he had brought home.

Another illustration of the absurdity of the government's position in this case is that even the misdemeanor charge of unauthorized removal and retention of classified documents requires proof that the defendant <u>knowingly</u> removed and retained the classified document. See 18 U.S.C. § 1924 ("Whoever, being an officer, employee, contractor, or consultant of the United States, and, by virtue of his office, employment, position, or contract, becomes possessed of documents . . . containing classified information . . . <u>knowingly</u> removes such documents . . . without authority and with the intent to retain such documents . . . at an unauthorized location shall be fined under this title or imprisoned for not more than one year, or both.") (emphasis added). If that misdemeanor charge requires knowing removal and retention, surely a felony charge of willful

retention of a document requires, at the very least, the government to prove the defendant knew he had the document.

### II. The Government Must Prove That Mr. Martin Knew the Charged Document Contained National Defense Information.

Taking its position further astray from the case law and the statutory language, the government argues that it does not need to prove that Mr. Martin knew the documents charged in the indictment contained NDI. It claims that to prove Mr. Martin "willfully" retained documents containing NDI, it merely needs to prove that Mr. Martin "knew generally that his conduct – bringing home documents clearly marked as being classified – was unlawful." Dkt. No. 88 at 8. This position is patently incorrect.

First, the evidence that the government maintains would establish a felony conviction for willful retention of documents containing NDI under § 793(e) – that Mr. Martin brought home documents clearly marked as classified – is not sufficient to support a misdemeanor conviction for unauthorized removal and retention of classified documents (18 U.S.C. § 1924). To prove the misdemeanor, the government would have to prove the defendant knew he had classified information and that the information was actually classified. Here, the government claims it need not even go that far. It claims that it does not have to prove Mr. Martin knew he had the document or that he knew the document contained NDI. Obviously, the government must be required to prove more criminal conduct and criminal intent here than it would if the charge were a mere misdemeanor.

Second, the government cites Bryan v. United States, 524 U.S. 184 (1998) in an attempt to minimize its burden of proof on the "willfulness" requirement. Relying on Bryan and its progeny, the government argues that it must merely prove that Mr. Martin knew his conduct was "illegal as a general matter," and "is not required to show 'that he knew why.'" Dkt. No. 88 at 8 (citing

5

Bryan and United States v. Bishop, 740 F.3d 927 (4th Cir. 2014)).  The government's efforts to reduce its burden of proof should be rejected.

The Bryan decision actually supports Mr. Martin's position and undercuts the government's.  Bryan held that the willfulness requirement in the Firearms Owners Protection Act required proof that the defendant knew his conduct was "unlawful," not that he knew about the technical federal licensing requirements in the statute.  The evidence of the defendant's "unlawful" conduct – using straw purchasers to buy pistols he could not buy himself; having the straw purchasers lie on applications; erasing serial numbers from the firearms purchased by the straw buyers; and reselling the firearms on the streets of Brooklyn to drug dealers – was sufficient to establish that the defendant knew he was acting unlawfully, i.e., that he was not allowed to purchase and sell firearms in the manner that he did.

Here, the "unlawful" conduct prohibited by § 793(e) is the retention of documents relating to the national defense.  It is not, as the government argues, the unauthorized removal and retention of documents marked classified.  The NDI element in § 793(e) is what makes the criminalized conduct in the statute a serious felony.  The NDI element is not a mere technicality that a defendant need not be aware of, such as the technical license requirement to buy and sell firearms in Bryan or the technical license requirement to export ammunition in Bishop.  Whether the documents found in Mr. Martin's home contained NDI and whether Mr. Martin knew they contained NDI is the essence of the crime.  If the government cannot prove that he knew the charged documents contained NDI, Mr. Martin, nevertheless, could be convicted for knowingly possessing documents that had classification markings on them.  That is not sufficient to convict

under the Espionage Act.[1]  To establish willful retention of a document containing NDI, the government must introduce evidence that Mr. Martin acted willfully, i.e., with a specific intent to do what the law forbids.  The law forbids the willful retention of a document that Mr. Martin knew contained NDI.

Third, the government cites a district court opinion in United States v. Morison, 622 F.Supp. 1009 (D. Md. 1985).  The citation is misleading, and the opinion does not support the government's position.  On the second day of the Morison trial, Judge Young rejected the defense's request to introduce evidence that the defendant was patriotic and that his retention and transmission of national defense information was not motived by a desire to harm the country.  Id. at 1010.  In refusing to admit evidence of patriotism and lack of bad motive, Judge Young also stated: "National defense is not a subjective test; it does not matter whether the defendant himself believed that the photographs and/or documents did indeed relate to the national defense."  Id. While that language appears to support the government's claim in this case, it does not.  Judge Young was not squarely addressing the issue presented here, i.e., whether the government must prove that Mr. Martin knew the documents contained NDI.  Instead, Judge Young was addressing whether patriotism was relevant to "willfulness."  It was not.

Even if the district court opinion in Morison does lend support to the government's position, the Fourth Circuit had the final say on the matter.  In upholding the district court's "willfulness" instruction and rejecting a vagueness challenge to the phrase "relating to the national defense," the Fourth Circuit found critical that the evidence at trial showed that "the defendant in

---

[1]  If Mr. Martin could be convicted of a felony under the Espionage Act for simply taking home documents that were marked classified, the government's burden of proof would be reduced to the burden the government faced when it convicted former National Security Advisor Sandy Berger of the misdemeanor, unauthorized removal and retention of classified documents.  To be sure, a document marked classified does not establish the document contains information relating to the national defense.  Proof of NDI requires much more than establishing the information in a document is classified and that it was marked classified.

this case <u>knew that he was dealing with national defense material</u>." <u>United States v. Morison</u>, 844 F.2d 1057, 1073 (4th Cir. 1988) (emphasis added). The evidence included that "he was an experienced intelligence officer," and he "had been instructed on all the regulations concerning the security of secret national defense materials." <u>Id.</u> Here, the government may introduce evidence of Mr. Martin's work experience at various government agencies and the instruction regarding handling classified materials that he received over the years to support its burden of proof that he, like Mr. Morison, knew the charged documents contained national defense information. <u>See also</u> <u>United States v. Hitselberger</u>, 991 F. Supp. 2d 101, 106 (D.D.C. 2013) (rejecting defendant's argument that "relating to the national defense" is impermissibly vague and does not give defendants enough notice of the substantive content that cannot be retained, because, in part, "of the alleged content of the documents he retained" and the defendant's training as a linguist with the Navy).

<u>Fourth</u>, the government ignores Judge Ellis's decision in <u>United States v. Rosen</u>, 445 F. Supp. 2d 602 (E.D. Va. 2006), in which the Court found that to establish a violation of § 793(e), "<u>the government must prove beyond a reasonable doubt that the defendants knew the information was NDI</u>" and that they acted "with a bad purpose either to disobey or to disregard the law." <u>Id.</u> at 625-26 (citing <u>Morison</u>, 844 F.2d at 1071) (emphasis added).

<u>Fifth</u>, the government claims that Judge Bennett's decision in the <u>Drake</u> case supports its position. Not true. In <u>Drake</u>, one of the defenses was that Mr. Drake did not willfully possess national defense information and that he removed any national defense information from the documents marked classified before he took them from the NSA. During the sealed § 6 CIPA proceedings, the defense successfully argued to Judge Bennett that certain allegedly classified information, which the government fought to keep from the public eye, must be introduced at trial

to enable Mr. Drake to argue that he did not believe that the information in the three charged documents related to the national defense.[2]  Thus, the pretrial rulings in Drake during the classified hearings were consistent with the Fourth Circuit's opinion in Morison, Judge Ellis's opinion in Rosen, and the defense's position in this case that the government must prove that Mr. Martin knew the information in the charged documents related to the national defense.

For the reasons stated above, and in our opening position paper, to establish that Mr. Martin committed the § 793(e) offenses charged in the indictment, the government must prove that Mr. Martin knew that he possessed the specific charged documents and that those documents contained national defense information.

Respectfully submitted,

/s/

_____
JAMES WYDA, #25298
Federal Public Defender
DEBORAH L. BOARDMAN, #28655
First Assistant Federal Public Defender
SHARI SILVER DERROW, #19181
Assistant Federal Public Defender
Office of the Federal Public Defender
100 South Charles Street, Tower II, 9th Floor
Baltimore, Maryland 21201
Phone: 410-962-3962
Fax: 410-962-0872
Email: jim_wyda@fd.org
          deborah_boardman@fd.org
          shari_derrow@fd.org

---

[2]  There were other valid reasons why Judge Bennett ruled allegedly classified information was admissible at trial, including that the defense contested that the information related to the national defense or was closely held by the government.