IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          *

          vs.                     *   CRIMINAL NO. MJG-17-069

HAROLD T. MARTIN III              *

*       *       *       *       *       *       *       *       *
DECISION REGARDING PROOF OF WILLFULNESS

During the course of discussions with counsel regarding discovery matters, the Court found that the parties disagree on the legal elements that the Government needs to establish beyond a reasonable doubt in order to convict Defendant Harold T. Martin III ("Martin") of the charged crimes in the Indictment.

Resolution of this dispute will affect the adjudication of discovery issues, pretrial motions, and trial matters, including jury instructions.  The Court has reviewed the briefs that the parties have filed and held a hearing regarding this matter.

I.   BACKGROUND

The Indictment charges Defendant Martin under 18 U.S.C. § 793(e) with having unauthorized possession of, access to, and control over twenty specified documents ("Charged Documents") relating to the national defense, which he allegedly stole from the NSA from as early as 1996 to late August 2016 and kept at his personal residence and in his car [ECF No. 33].  The total number of documents

(in both hard copy and digital form) stolen from the NRA is tremendous, including at least six "banker's boxes" of paper documents and many terabytes of electronic files.  Of these documents, the Government has selected twenty specific Charged Documents, each of which constitutes one of the twenty Counts against Defendant Martin.[1]

The Indictment states that Martin "knew that the stolen documents contained classified information that related to the national defense," id. ¶ 22, ECF No. 33, "knew that he was not authorized to remove [NDI] and classified documents from secure locations" and retain them at his residence and vehicle, id. ¶ 24, and "willfully retained stolen documents that contained [NDI], including [the twenty Charged] Classified Documents, which were classified as SECRET, TOP SECRET, and SCI."  Id. ¶ 25.

The Defense contends that to prove Defendant Martin guilty with regard to any one of the specified twenty Charged Documents, the Government must prove that Martin (1) knew he was retaining that specific Charged Document and (2) that he knew that the specific Charged Document contained NDI.  The Government disagrees.

---

[1] Count One charges violation of 18 U.S.C. § 793(e) as to Classified Document A, Count Two charges violation of 18 U.S.C. § 793(e) as to Classified Document B, etc.

II.   <u>DISCUSSION</u>

The question presented is what the Government needs to prove

with regard to Defendant Martin's mens rea.   Although some judicial

decisions have addressed questions about mens rea, the parties have

not identified, and the Court has not found, any judicial decision

that addresses and resolves the precise issues presented in Defendant

Martin's case.

The Court must begin with the charged statute.   18 U.S.C. §

793(e) provides:

> Whoever having unauthorized possession of,
> access to, or control over any document, . . .
> relating to the national defense, . . .
> willfully retains the same and fails to deliver
> it to the officer or employee of the United
> States entitled to receive it . . . [s]hall be
> fined under this title or imprisoned not more
> than ten years, or both.

Accordingly, the three elements of the statute are:

(1)   The Defendant had unauthorized possession of a
      document,

(2)   The document related to the national defense
      (<u>i.e.</u>, contained "NDI"), and

(3)   The Defendant "willfully" retained the document
      and failed to deliver it to the officer or
      employee of the United States entitled to
      receive it.

It is clear that in order to convict Defendant Martin of a

violation of 18 U.S.C. § 793(e), the Government must prove that

Defendant Martin in fact had unauthorized possession of a specified

document, for example, Charged Document E (a hard copy of a February

2008 NSA email), and that this hard copy in fact contains NDI.[2]

Indictment at ¶ 25(E), ECF No. 33.

Having such unauthorized possession, the Government must prove

that the Defendant "willfully" retained the document.  18 U.S.C. §

793(e).  The Defense seeks to have the term "willfully" modify not

only the verb "retain," but also to modify "possession" and "relating

to the national defense."  That is, the Defense seeks to require

proof that Defendant Martin willfully retained that specific

document and was aware that the specific document contained NDI.

At trial, the Government intends to prove that Martin wrongfully

took or stole from the NSA over a twenty-year period a tremendous

amount (i.e., many millions) of documents, and that he knew that his

retention of all and each of these documents was unlawful.  For

example, the Government intends to prove that Charged Document E

(i.e., the paper copy of a February 2008 NSA email) and each of the

other specified Charged Documents were among the millions of

documents wrongfully taken and possessed by Martin because they were

found in Martin's personal possession, Martin had the training to

---

[2] Whether a document relates to the national defense "is determined
by a purely objective test, one for the jury to decide after
considering all of the evidence."  United States v. Morison, 622 F.
Supp. 1009, 1010 (D. Md. 1985).

know what he was taking, and no one else at Martin's home would have
had such access.

Hence, the Government will contend that Martin "willfully"
retained millions of documents, including the twenty specified
Charged Documents in the Indictment, and that willfully retaining
the millions of stolen documents included willfully retaining the
twenty individual Charged Documents.  The Government intends to
prove that each of those twenty Charged Documents contained NDI at
trial, but denies an obligation to prove that Martin specifically
knew that each of the twenty Charged Documents was among the millions
of documents he stole and retained, and that he knew that each Charged
Document contained NDI.  The Government believes that imposing such
a requirement would wrongly require proof that Defendant Martin
individually catalogued (or somehow acknowledged) individual
documents in his collection of millions to be found guilty of the
charged crimes, which the Government contends cannot be the law.

In United States v. Morison, the Fourth Circuit approved the
district court's jury instruction which defined "willfully" to mean
an act which is done "voluntarily and intentionally and with
the specific intent to do something that the law forbids. . . . To
establish specific intent the government must prove that the
defendant knowingly did an act which the law forbids."  United States

v. Morison, 844 F.2d 1057, 1071 (4th Cir. 1988) (emphasis omitted).

This is consistent with the instruction of other courts who have

handled § 793 cases.   See, e.g, Judge Messitte's instructions in USA

v. Ford: "Willfully means to act with knowledge that one's conduct

is unlawful and with the intent to do something the law forbids, that

is to say, with a bad purpose to disobey or disregard the law," Def.'s

Resp. Ex. A at 15, ECF No. 87-1; Judge Brinkema's instruction in USA

v. Sterling, which states that "an act is done willfully . . . if

it is done voluntarily and intentionally and with the specific intent

to do something the law forbids, that is, with a purpose to disobey

the law," Def.'s Resp. Ex. C at 36, 38, ECF No. 87-3; United States

v. Drake, 818 F. Supp. 2d 909, 918 (D. Md. 2011) ("[A] 'willful' act

is one undertaken with a 'bad purpose.'   . . . 'In other words, in

order to establish a 'willful' violation of a statute, the Government

must prove that the defendant acted with knowledge that his conduct

was unlawful'") (internal citations omitted).

The legal standard for "willfulness" is well settled but there

is no controlling precedent regarding adding to the Government's

burden the requirement to prove that the Defendant knew of his

specific possession of the Charged Documents within his collection.

The Defense has also not persuaded the Court that the Government

must prove that the Defendant knew that the contents of the Charged

Documents he possessed contained NDI.  The Defense seeks to rely on the instructions on "possession" given by Judge Messitte in <u>United States v. Ford</u> and Judge Brinkema in <u>United States v. Sterling</u>.  In <u>United States v. Ford</u>, PJM-05-0235, Judge Messitte instructed the jury:

> The term possession is a commonly used and commonly understood word.  Basically, it means the act of having or holding property, in this case, documents, or the detention of property in one's power or command.  Possession may mean actual physical possession.  It may also mean constructive possession.  A person has constructive possession of documents if he knows where it is or where they are and can get them any time he wants or can otherwise exercise control over them.  Possession cannot be found solely on the grounds that the defendant was near or close to the documents, nor can it simply be found because the defendant was present at a scene where the documents were discovered or solely because the defendant may have associated with a person who did control the document or documents when they were discovered.

Def.'s Mot. Ex. A at 42-43, ECF No. 87-1.

In <u>United States v. Sterling</u>, LMB-10-485, Judge Brinkema instructed the jury that actual possession means the defendant "knowingly has direct physical control over a thing at a given time" and constructive possession means the defendant "knowingly has both the power and intention at a given time to exercise dominion or

control over a thing, either directly or through another person or persons."   Def.'s Mot. Ex. C at 30, ECF No. 87-3.

These two sets of instructions on "possession" are consistent with those given in many cases but do not address the precise issue here.   Specifically, they do not address the matter of "possession" of an item within a group of items, <u>e.g.</u>, a document within a bag or within a pile of documents.   A person in possession of the bag or the pile of documents knows that he or she possesses the contents of the bag or pile, although the person may not know exactly what is in the bag or pile.   And that person can certainly exercise control over a bag and its contents or a pile of documents and its contents without knowing the identity of every item therein.

The Fourth Circuit has recognized that a trial court must avoid imposing a burden on the Government that is not imposed by the statute at issue:

> We are . . .  concerned by the potential that the § 793 Order imposes an additional burden on the prosecution not mandated by the governing statute.  Section 793 must be applied according to its provisions, as any other course could result in erroneous evidentiary rulings or jury instructions.

<u>United States v. Rosen</u>, 557 F.3d 192, 199 n. 8 (4th Cir. 2009).[3]

---

[3] <u>Rosen</u> addressed the question of "information" as distinct from the "document" aspect of § 793(e).  That distinction is not relevant to this analysis, but the Fourth Circuit's caution remains applicable.

The Court does not find persuasive the Defense argument that "willfully" in the statute modifies "document . . . relating to the national defense."  Rather, the Court finds that the requirement that the document be related to the national defense is akin to a jurisdictional element differentiating this special federal statute from one regarding an ordinary crime of theft.

Analogously, when prosecuting a defendant for assaulting a federal officer under 18 U.S.C. § 111, the Government is not required to prove that the defendant knew that the person he assaulted was a federal officer.  United States v. Feola, 420 U.S. 671, 676-79 (1975).  In such a case, to require the Government to prove a defendant's knowledge of a jurisdictional element would frustrate Congress's purpose in enacting the legislation.  See, e.g., United States v. Washington, 743 F.3d 938, 942 (4th Cir. 2014) (finding that requiring the Government to establish that the defendant knew the alleged victim's age in a charge involving unlawful transportation of a minor would "strip [the statute] of its clear purpose: the protection of minors."); United States v. Cooper, 482 F.3d 658, 666 (4th Cir. 2007) (finding that the statutory purpose of the Clean Water Act would be "severely undermined" if polluters could only be prosecuted for knowingly polluting the nation's waters when the

9

government could prove they were aware of the facts conferring federal jurisdiction).

The Court finds the analogy to a jurisdictional element useful here.  Requiring the Government to prove that Defendant Martin knew exactly which documents he possessed in the millions of documents he wrongfully took from the NSA (and what those documents contained) would frustrate the purpose of 18 U.S.C. 793(e).

In sum, the Court does not find it wrong to burden a defendant who has stolen and retained a tremendous collection of documents taken from a secured facility with the obligations imposed by the security character of the documents he took.  Proof that the defendant knew he was wrongfully retaining the mass of stolen documents is sufficient to satisfy the Government's willfulness mens rea obligation under § 793(e), if the Government can prove that the specified Charged Documents were in the mass of documents taken and wrongfully retained.  Whether the specified Charged Documents contained NDI is a question for the jury – akin to a jurisdictional element of the case – not an element of the defendant's required <u>mens rea</u>.[4]

---

[4] There is some case law tension about this particular requirement. <u>Compare</u> <u>United States v. Morison</u>, 622 F. Supp. 1009, 1010 (D. Md. 1985)("National defense is not a subjective test; it does not matter whether the defendant himself believed that the photographs and/or documents did indeed relate to the national defense . . . It is

For the foregoing reasons, the Court decides that the Government
is not required to prove that Defendant Martin knew that he possessed
and retained the specified Charged Documents or that he knew that
the specified Charged Documents contained NDI.

The Court will apply this decision in making its future
adjudications in this case, recognizing that the Defendant retains
his right to challenge the decision should there be an appeal of the
case.


SO ORDERED, this <u>Monday, March 12, 2018</u>.


_____/s/_____

Marvin J. Garbis
United States District Judge

---

irrelevant whether the defendant personally believed that the items
related to the national defense, and his underlying motive is equally
irrelevant."), <u>with</u> <u>United States v. Rosen</u>, 445 F. Supp. 2d 602, 625
(E.D. Va. 2006) ("[T]he government in this case must prove beyond
a reasonable doubt that the defendants knew the information was
NDI.").  However, as with the jury instructions, the Court finds that
these rulings do not address the precise issues in the instant case.