**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**
NORTHERN DIVISION
TOWER II, 9ᵀᴴ FLOOR
100 SOUTH CHARLES STREET
BALTIMORE, MARYLAND 21201-2705
TEL: (410) 962-3962
FAX: (410) 962-0872

JAMES WYDA                                                                                        DEBORAH L. BOARDMAN
FEDERAL PUBLIC DEFENDER                                                       FIRST ASSISTANT FEDERAL PUBLIC DEFENDER

                                                                                                         SHARI SILVER DERROW
                                                                                        ASSISTANT FEDERAL PUBLIC DEFENDER

**FILED UNDER SEAL**

September 14, 2018

The Honorable Richard D. Bennett
United States District Court
  for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

      Re:  <u>United States v. Harold T. Martin, III</u>, RDB-17-069
           Request for Classification Guides

Dear Judge Bennett:

      We write to request that the government produce the classification guides relied upon by the relevant intelligence agencies in determining the classification level of the twenty charged documents and any other documents the government intends to claim at trial are classified. Our ability to challenge the classification of documents—a factor highly probative of whether the documents contain national defense information (NDI), an element of the charged offenses—is critical to Mr. Martin's defense. We cannot challenge the classification of the documents without the relevant classification guides.

      As the Court is aware, to prove that Mr. Martin is guilty of the charged offenses of willful retention of NDI, the government must prove that: (1) he had unauthorized possession of, access to, or control of the twenty charged documents; (2) the twenty charged documents <u>were related to national defense</u>; and (3) he willfully retained the documents or failed to deliver them to the officer or employee of the United States entitled to receive them. For information to be NDI, disclosure of that information must be "potentially damaging to the United States or [potentially] useful to an enemy of the United States." <u>United States v. Morison</u>, 844 F.2d 1057, 1071-72 (4th Cir. 1988). The information at issue must be "closely held." <u>United States v. Squillacote</u>, 221 F.3d 542, 576-77 (4th Cir. 2000).

      Classification—although not necessarily determinative of whether information is NDI—is <u>highly probative</u> of whether information constitutes closely held NDI. The government will undoubtedly point to the alleged classification of the charged documents in arguing to the jury that the documents contain closely held NDI. Indeed, in its August 17, 2018, expert disclosure, the government has indicated its intent to call <u>eleven</u> (11) purported "national defense

The Honorable Richard D. Bennett
<u>United States v. Harold T. Martin</u>, RDB-17-069
September 14, 2018
Page 2

information witnesses" to testify about the classification levels and markings of the charged documents. Below is an excerpt from the government's August 17 expert witness disclosure:

> These witnesses will testify that Documents A through R belonged to NSA and CYBERCOM. They will testify as to the <u>classification levels of Documents A through R when they were produced and when they were seized from the Defendant, and will describe the significance of the classification markings on the documents</u>. They will describe how those documents relate to the national defense, that they are closely held, and how their disclosure could potentially harm the United States or aid an enemy of the United States.

(emphasis added).

In order to testify about the classification levels and significance of markings, the government's experts must refer to the classification guides governing the document(s) about which they will testify. Every charged document contains a reference on the document's first page that identifies the governing classification guide for that document. This classification guide will form, in large part, the basis for the expert opinions about classification and NDI. The defense must be able to cross-examine the experts about the basis for their opinions, which includes the classification guides. Refusing to produce a document on which the government's expert witnesses will rely or refer to is akin to not allowing the defense to cross examine a DNA expert on the raw data supporting her opinion.

We found on the Internet an example of a classification guide that the national defense community uses. <u>See</u> Exhibit A (Office of the Director of National Intelligence Classification Guide). We have attached it so that the Court can see why we need the classification guides governing the allegedly classified documents in this case. On page 6 of the guide, it states: "(U) Employees or contractors who create information that requires classification are obligated to classify the information based upon this Guide, a source document, or a compartmented program guide/manual." This sentence confirms that all documents marked classified—including the twenty charged documents—must be classified based upon a classification guide.

The government cannot seriously dispute our request. The government itself has stated that "<u>classification is highly probative of whether information constitutes NDI.</u>" <u>See</u> Gov't Resp. to Order Dated Feb. 16, 2018, ECF No. 88, at 7 (emphasis added). As the government explained, "the fact that information is classified is relevant not only to its relationship to the national defense and its status as 'closely held,' but also to a defendant's willfulness—his knowledge that his retention is unlawful—when that defendant has been trained to recognize and properly handle classified information." <u>Id.</u>

The government is correct. Courts, including the Fourth Circuit, roundly agree that the classification of information is highly probative of whether information is "closely held" and/or "relating to the national defense." For example, in <u>United States v. Truong</u>, 629 F.2d 908 (4th Cir. 1980), the Fourth Circuit—approving of a jury instruction that it may consider testimony

The Honorable Richard D. Bennett
United States v. Harold T. Martin, RDB-17-069
September 14, 2018
Page 3

that the documents at issue were classified—stated that "[c]ertainly the classification of the documents was relevant to the question of whether they related to the 'national defense.'" Id. at 918 n.9.  Likewise, in United States v. Rosen, 445 F. Supp. 2d 602 (E.D. Va. 2006), the court reaffirmed that:

> [A]lthough evidence that the information was classified is neither strictly necessary nor always sufficient to obtain a prosecution under § 793, the classification of the information by the executive branch is highly probative of whether the information at issue is "information relating to the national defense" and whether the person to whom they disclosed the information was "entitled to receive" the information.

Id. at 623; see also United States v. Rosen, 240 F.R.D. 204, 206 n.1 (E.D. Va. 2007); United States v. Rosen, 444 F. Supp. 2d 664, 666 n.2 (E.D. Va. 2006).  Citing Rosen, the U.S. District for the District of Connecticut agreed that the classification of information is relevant to determining whether information is "closely held" by the government.  United States v. Abu-Jihaad, 600 F. Supp. 2d 362, 387 (D. Conn. 2009).

Juries are, therefore, instructed that they may consider classification in determining whether information is closely held NDI.  For instance, in United States v. Kenneth Ford, Jr., Case No. PJM-05-0235, this Court instructed the jury that, "[i]n determining whether material is 'closely held,' you may consider whether it has been classified by appropriate authorities and whether it remained classified on the date or dates pertinent to the Superseding Indictment."

To be clear, we will not stipulate to the classification of the charged documents at trial. We must be afforded a meaningful opportunity to challenge the government's contention that the charged documents, or any other allegedly classified documents the government seeks to introduce, are, in fact, classified.  The classification guides are essential to our ability to do this.

For the above reasons, the Court should order the government to produce the relevant classification guides for the twenty charged documents and any other documents the government will claim at trial are classified.  We thank the Court for its attention to this matter.

                            Respectfully,

                            /s/

                            James Wyda
                            Deborah L. Boardman
                            Shari Silver Derrow