IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. RDB-17-0069 |
| | * | |
| HAROLD T. MARTIN, III | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | ****** | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S REQUEST FOR
CLASSIFICATION GUIDES**

In a letter to the Court dated September 14, 2018,[1] the defendant requests disclosure of the classification guides that agencies of the United States Intelligence Community (USIC) used to classify the documents the defendant is charged with unlawfully retaining at his residence. As set forth in greater detail below, the government does not intend to rely on the classification guides to establish any element of the crime with which the defendant is charged. Although the *fact* that the documents were classified and bore classification markings is highly probative of the defendant's *mens rea* and the "closely held" status of the documents, the *basis* of that classification is not part of the government's proof. Rather, the government will prove that the documents underlying the Indictment constituted "national defense information" (NDI) based on witness testimony that the documents related to the national defense, that they were closely held, and that their unauthorized disclosure could potentially harm the United States. *United States v. Morison*, 844 F.2d 1057, 1071-72 (4th Cir. 1988).

---

[1] The defendant filed his letter under seal. Counsel for the defendant has informed the government that the defendant does not object to this letter being filed without the court seal. The government has no objection to the unsealing of the defendant's September 14, 2018 letter.

Classification is a distinct concept from NDI, and "evidence that the information was classified is neither strictly necessary nor always sufficient" to establish that it was also NDI. *United States v. Rosen*, 445 F. Supp. 2d 602, 623 (E.D. Va. 2006).  Classifying documents is a means by which the Executive Branch protects national security information from unauthorized disclosure.  Classification is a matter within the exclusive province of the Executive Branch.  As such, neither courts nor defendants may second-guess whether information should have been classified or was classified at an appropriate level.  *United States v. Kiriakou*, No. 1:12-cr-127 (LMB), 2012 WL 3263854, at *6 (E.D. Va. Aug. 8); *see Department of Navy v. Egan*, 484 U.S. 518, 527 (1988); *El-Masri v. United States*, 479 F.3d 296, 305 (4th Cir. 2007) (quoting *United States v. Marchetti*, 466 F.2d 1309, 1318 (4th Cir. 1972)); *United States v. Smith*, 750 F.2d 1215, 1217 (4th Cir. 1984); *United States v. Rosen*, 520 F. Supp. 2d 786, 790 (E.D. Va. 2007).

To be sure, the fact and level of classification of the documents underlying the Indictment provide compelling proof of elements of the crime, such as the fact that the documents were "closely held." *See, e.g.*, *United States v. Squillacote*, 221 F.3d 342, 577-80 (4th Cir. 2000) (holding that the proper focus in determining whether information is closely held includes the "*secrecy* of the information, which is determined by the government's actions"); *United States v. Mallory*, No. 1:17-cr-154 (TSE), 2018 WL 3587718, at *1 n.3 (E.D. Va. July 26) (noting that 18 U.S.C. § 793 "criminalize[s] the transmission of [NDI], not classified information" and "the fact that information is classified is relevant to whether the information is NDI because classified information, by definition, is closely held by the government").  Classification, combined with a defendant's training, also provides proof of the defendant's *mens rea*.  *See, e.g., Morison*, 844 F.2d at 1073-74 (noting the defendant's training regarding classified information); *United States v.*

*Kiriakou*, 898 F. Supp. 2d 921, 925 (E.D. Va. 2012) ("there can be no question that [the defendant] was on clear notice of the illegality").

The *fact* that the government classified information is therefore indeed probative of whether that information is NDI, as the defendant notes, because classification demonstrates that information was "closely held." It also provides evidence of willfulness. The fact of classification and the presence of classification markings put a trained defendant such as the defendant in this case on notice that the government considers a document to relate to national defense, that it is closely held, and that its disclosure could potentially harm the United States. *Kiriakou*, 2012 WL 3263854 at *6. Such a defendant is therefore on notice that it is illegal to retain or disclose the document. *Id.*

Even if a specific document is improperly classified or marked, or even if it is unclassified, it can still constitute NDI. *United States v. Dedeyan*, 584 F.2d 36, 40-41 (4th Cir. 1978); *United States v. Hitselberger*, 991 F. Supp. 2d 101, 106 (D. D.C. 2013); *see Rosen*, 445 F. Supp. 2d at 623. Any inquiry into whether documents containing NDI were *properly* classified at a particular level is thus "totally irrelevant" to whether the documents contained NDI. *United States v. Lee*, 589 F.2d 980, 990 (9th Cir. 1979). Moreover, the classification of a document, even if erroneous, places a properly trained defendant (such as the defendant in this case) "on notice that the government considers information contained [in such a document] important to national security. *Hitselberger*, 991 F. Supp. 2d at 106 (citing *Dedeyan*, 584 F.2d at 41).

As a result, permitting a "mini-trial" regarding whether an Executive Branch official properly applied particular criteria set forth in a granular manual would distract the fact-finder from the questions relevant to the elements of the crime charged. Because the accuracy of

classification decisions does not pertain to any element of the crime charged, the classification guides are irrelevant to the case and are not discoverable. In the event this Court deems the classification guides to be discoverable, the government respectfully reserves the right to move to protect them, in whole or in part, pursuant to Section 4 of the Classified Information Procedures Act (CIPA), 18 U.S.C. App. III.

        Respectfully submitted,

        Robert K. Hur
        United States Attorney

By:     /s/
        Harvey E. Eisenberg
        Assistant United States Attorney
        Chief, National Security Section

        /s/
        Zachary A. Myers
        Nicolas A. Mitchell
        Assistant United States Attorneys

        /s/
        David Aaron
        Trial Attorney
        National Security Division
        U.S. Department of Justice