**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | **CRIM. NO. RDB-17-0069** |
| **v.** | * | |
| **HAROLD T. MARTIN, III,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**<u>ORDER</u>**

On September 14, 2018, the Defendant requested that the Government produce the classification guides relied upon by the relevant intelligence agencies in determining the classification level of the twenty charged documents and any other documents the government intends to claim at trial are classified. ECF No. 133. The Defendant requested discovery of this information pursuant to section 4 of the Classified Information Procedures Act ("CIPA"). *See* 18 U.S.C. App. 3 § 4 (2011). The Government opposed this request, reasoning that it does not intend to rely on the classification guides to establish any element of the crime with which the Defendant is charged. ECF No. 138.

The Defendant is charged with the offense of willful retention of information related to the national defense ("NDI") in violation of 18 U.S.C. § 793(e). ECF No. 33. Section 793 criminalizes the retention of NDI, not classified information. However, the fact that information is classified is highly probative of whether information constitutes closely held NDI. In *United States v. Rosen*, 445 F. Supp. 2d 602 (E.D. Va. 2006), the Court explained:

> And in this respect, although evidence that the information was classified is neither strictly necessary nor always sufficient to obtain a prosecution under § 793, the classification of the information by the executive branch is highly probative of whether the information at issue is "information relating to the national defense" and whether the person to whom they disclosed the information was "entitled to receive" the information. This is so because: (1) the subject matter of classified information must concern the national security or military preparedness of the nation, (2) access to classified information is restricted to a small number of people and accordingly is "closely held," and (3) classified information must be the type of information the disclosure of which could damage the nation's security.

*Id.* at 623-24., *amended by*, No. 1:05CR225, 2006 WL 5049154 (E.D. Va. Aug. 16, 2006), *aff'd,* 557 F.3d 192 (4th Cir. 2009). *See also United States v. Squillacote,* 221 F.3d 542, 577 (4th Cir. 2000) (holding that the proper focus in determining whether information is closely held includes the "*secrecy* of the information, which is determined by the government's actions"); *United States v. Mallory*, Crim. No. TSE-17-154, 2018 WL 3587718, at *1 n.3 (E.D. Va. July 26, 2017) ("Of course, the fact that information is classified is relevant to whether the information is NDI because classified information, by definition, is closely held by the government."); *United States v. Abu-Jihaad*, 600 F. Supp. 2d 362, 387 (D. Conn. 2009) (same).

Consistent with this recognition that classification is probative of whether information constitutes closely held NDI, juries have been instructed that they may consider evidence that a document is classified. *See United States v. Truong Dinh Hung*, 629 F.2d 908, 918 n. 9 (4th Cir. 1980) (affirming district court's instruction that the jury may "consider the testimony that the documents were classified" because "[c]ertainly the classification of the documents was relevant to the question of whether they related to the 'national defense.'"). *See also United States v. Abu-Jihaad*, 600 F. Supp. 2d at 387 (same).

In its Opposition, the Government acknowledges that the *fact* of classification of the documents is relevant but asserts that the *basis* of classification is not part of the Government's

proof.   ECF No. 138.   This argument overlooks the fact that the *basis* of classification is inextricably intertwined with the *fact* of classification; that is, the criteria that underlie a classification decision are determinative of the *fact* of classification.   Therefore, understanding the *basis* for classification is essential to challenging the *fact* of classification.

The Court recognizes that, as the Government points out, classification is a matter within the exclusive province of the Executive Branch.   *See United States v. Kiriakou*, Crim. No. LMB-12-127, 2012 WL 3263854, at *6 (E.D. Va. Aug. 8, 2012) ("the classification system is the purview of the executive branch; accordingly, the Court declines to second-guess the CIA's classification decisions.").   *See also United States v. Lee*, 589 F.2d 980, 990 (9th Cir. 1979) (affirming trial court's decision to exclude expert testimony concerning whether the documents were *properly* classified).   To be sure, however, the Court will determine the admissibility of any classification evidence after a motions hearing, pursuant to CIPA § 6.   *See* 18 U.S.C. App. 3 § 6.

In conclusion, because the classification of a document is relevant to the question of whether the document contains closely held NDI, the classification guides are discoverable pursuant to CIPA § 4.   Therefore, the Court grants the Defendant's request and ORDERS that the Government produce the classification guides relied upon by the relevant intelligence agencies for the twenty charged documents.   Pursuant to CIPA § 4, the Government may request that certain portions of these classification guides be deleted with respect to specified items of classified information.   In that event, such a request must be made in the form of a written statement presented ex parte to the Court for the Court's review and ruling.   *See* 18 U.S.C. App. 3 § 4.

DATED this _5th__ day of November, 2018.

BY THE COURT:


_____/s/_____

Richard D. Bennett
District Judge