## Affidavit of Larry Daniel

I, Larry Daniel, solemnly declare under penalties of perjury that the following is true and correct to the best of my knowledge:

1. I have reviewed the government's response to the defendant's motion for discovery as well as supporting attachments, including the declaration of David Loveall II. None of the materials changes my conclusions in my November 2, 2018 affidavit. Under the current state of affairs, I cannot conduct an independent analysis or test the government's forensic reports. This violates acceptable standards for computer forensics.

2. Best practices for computer forensics require that the analysis of one examiner be tested by another examiner to verify that it is correct. To do this, the reviewing examiner must use an exact copy of the evidence that the first examiner used.

3. In this case, the evidence that the reviewing expert needs to have access to is mirror images of the 24 digital storage devices. To clarify, a mirror image is a computer forensics term that means a forensically-sound, exact copy of the original evidence. The government has already created mirror images of the 24 digital storage devices. I need copies of the mirror images to conduct an independent forensic analysis. It would not be hard or time-consuming for the government to create copies of the mirror images.

4. I have no interest in gaining access to the contents of files or government secrets. I only want to do the job I have been retained to do within the acceptable standards of the forensic community. For this, I need copies of mirror images.

5. The Library is not a mirror image. It is not the equivalent, or near equivalent of a mirror image.

6. The Library is a custom software program created by the government for use in this particular case. It is unique to this case. This means the software has not been tested, nor is it accepted within the computer forensics community.

7. The government compares the Library to commercial software, such as FTK (Forensic Tool Kit) or EnCase. FTK or EnCase are not the same as the Library. The critical difference is FTK and EnCase are well-known forensic software tools, widely accepted, and have been vetted and validated by the computer forensics community. The Library, on the other hand, is unknown outside the NSA building. It was created by the NSA programmers for this one case. The government and Mr. Loveall recognize that the Library is government-developed software created for use solely in this case. See Gov't Resp at 25; Loveall Aff. at ¶¶ 12-13.

8. An inherent problem with custom software that does not go through independent testing or a quality-control process, such as the Library, is that the software may contain hidden bugs or errors. For example, just in Mr. Loveall's limited review of the Library, he discovered that the "limit" functionality of the query tool was not functional. See Loveall

Aff. at ¶ 16. I have no way of knowing the reliability of the Library to produce accurate results.

9. In his affidavit, Mr. Loveall states that the Library is not government work product. In fact, everything in his affidavit confirms that it is work product or, to use a technical industry term, "derivative evidence." Derivative evidence is any evidence that has been preprocessed by a tool and presented in a review platform. In other words, it is output. Mr. Loveall confirms that the Library is work product, or derivative evidence, when he states, for instance, that "[t]he Library is a custom interface that provides access to a <u>preprocessed version</u> of data from digital forensic evidence." Loveall Aff. at ¶ 12 (emphasis added).

10. The Library is nothing more than a review platform. This means that I can search the government's derivative evidence (work product). But I cannot verify that the derivative evidence is in fact exactly the same thing as the original evidence. The government is essentially asking me to "trust them" that the Library is accurate. Without performing an independent analysis of the evidence, I cannot do that. There is no way for me to draw independent conclusions without creating my own independent work product using commercially-trusted tools.

11. The government says that it is not possible for me to effectively and efficiently analyze mirror images of the digital storage devices using commercially-available software, such as FTK. I have a case currently involving 22 TB of data. It took two weeks to process that data in FTK.

12. The NSA actually used FTK in developing parts of its forensic reports. For example, the many visualizations of where documents were located on the storage devices were created using FTK.

13. The government suggests that I am not a qualified expert in this case because I am not an expert in Lucene and Elasticsearch. I am an expert in multiple query languages and databases and have been working with databases and query languages since the 1980s, including developing custom software. Familiarizing myself with Lucene and Elasticsearch was not difficult. Neither of them is a computer forensic tool. Apache Lucene is a query engine used with Elasticsearch, which is a database. I easily conducted queries using Lucene at the NSA.

14. In addition to mirror images of the storage devices, I need mirror images of the devices containing operating systems. The government indicates that there are at least 18 devices containing operating systems. I need mirror images of all these devices because they will contain information as to whether or not Mr. Martin actually opened any of the files on the storage devices. This information would be found in shell bags, link files, and jump lists. This information is not available in the Library.

15. Under the current state of affairs, I cannot meaningfully and independently test the government's evidence. The Library is derivative evidence. I need copies of the mirror

images of the storage devices and devices containing operating systems to conduct my own analysis.

12-6-18
Date

_____
Larry Daniel