**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**UNITED STATES OF AMERICA**          \*

**V.**                                               \*          **Criminal Case No. RDB-17-069**

**HAROLD T. MARTIN, III**             \*

<u>**AFFIDAVIT OF K. GUS DIMITRELOS**</u>

1. My name is Konstantinos "Gus" Dimitrelos. I have been retained as a consulting computer forensics expert by the Harold Martin defense team.

**My Experience and Expertise**

2. I am co-Founder and President of Cyber Forensics 360, an international digital forensics consulting and training company, located in Davie, Florida. My company provides a broad range of digital forensic services and training. We provide services and/or develop and teach courses in digital forensics to U.S. government agencies, including the Department of Justice, the U.S. Attorney's Office, the Department of State, Anti-Terrorism Assistance Program, and the Department of Defense, Regional Counterdrug Training Academy, as well as cyber services to Fortune 500 companies.

3. I am a certified expert having testified in State, Federal, and International courts in cyber forensics matters for prosecutors, defense attorneys, and civil lawyers, who represent or prosecute individuals such as Harold Martin.

4. I am a retired Secret Service agent who began the Cyber Forensics program in 1997 as part of the U.S. Secret Service / U.S. Treasury CIS2000 cyber-crimes training program and was previously certified as a computer forensics expert by the Royal Canadian Mounted Police (RCMP) in 1996. I have conducted thousands of computer and mobile device examinations since 1996 and have held many technical special agent roles while

1

in the U.S. Secret Service, including as a supervisor for all 15 Electronic Crimes Task Forces throughout the United States. I have attached my Curriculum Vitae as Exhibit A to this affidavit.

## The Documents and Information Addressed in this Affidavit

5. On December 3, 2018, I received and reviewed the Government's Response to the Defendant's Motion for Discovery as well as supporting attachments, including the declaration of David Loveall II. I have also previously reviewed the Protocol for Defense Examination of Electronic Data Seized from the Defendant and the February 28, 2018 computer forensics report produced by the prosecution to the Harold Martin defense team. Because I do not hold a security clearance in connection with this case, I have not reviewed the government's October 9, 2018 computer forensics report, but have been made aware by defense counsel of much of the report's unclassified content.

## The Library Does Not Allow the Defense to Review All the Forensic Evidence

6. Based on my review of the government's response and supporting attachments, the "Library," an electronic database created by the NSA containing information from some electronic storage devices seized from Mr. Martin, does not contain all the forensic evidence in this case. The Library is a partial, preprocessed, and possibly filtered library of data selected by and extracted by the government.

7. Elasticsearch and Apache Lucene, which are used to query the Library, are not digital forensics applications. Elasticsearch and Apache Lucene can only be utilized to review preprocessed data. Because the Library is incomplete, these searching applications are not capable of examining 100% of the forensic evidence held in this matter.

8.  In order to conduct a complete forensics examination, an examiner would need access to mirror images of the electronic storage devices, as well as commercially available software, such as AccessData FTK and OpenText EnCase, or open source software, such as Autopsy. An examiner would also need access to mirror images of the devices containing operating systems seized from Mr. Martin.  These devices would contain additional artifacts not available in the Library, including jump lists, shell bags, and link files.  These artifacts would allow an examiner to determine whether or not the devices ever opened any of files on the electronic storage devices.

**FTK and EnCase Can Process the Evidence in this Case**

9.   I have conducted thousands of forensics examinations utilizing one or more forensics applications listed in Paragraph 8. These forensics applications are utilized by the U.S. Secret Service, Federal Bureau of Investigations, National Security Agency, and all other law enforcement agencies examining digital evidence. They are also utilized by Larry Daniel and David Loveall II.

10. I have reviewed the types of evidence items held in this case. Pre-processing of the evidence will not be an issue, nor will it require an unreasonable amount of time. The forensic applications in Paragraph 8 are capable of analyzing the evidence in this case.

11. For example, in another case of mine, I pre-processed 14 evidence items utilizing a stand-alone computer system with the specifications set forth in Attachment B. If the NSA does not currently have a computer system similar to the one I built, the cost of building one for this case would be approximately $8,000.00. I do not know what the cost was to design and develop the Library, but reasonable costs for system development have been approved by the Office of the Federal Public Defender in the past.

12. Attachment C is known as a "job information log," which tracks the time it took to pre-process 14 evidence items utilizing the computer system defined in Attachment B. In that case, I pre-processed all allocated and unallocated space and indexed 100% of the digital evidence. The total time needed to complete the pre-processing was just more than one day, or 11/3/2018 7:03:22 AM to 11/4/2018 7:53:20 AM.

13. While this case involves substantially more data, extrapolating out from the example in Attachment C, the length of time it would take to pre-process all the digital evidence would be approximately a couple weeks.

## The Library Has Not Been Properly Validated

14. This practice of using forensics software listed in Paragraph 8, in addition to others not listed but available for use by forensics examiners, has been a standard practice for decades, verifiable and repeatable by the government, defense, and private cyber forensics specialists alike.

15. The Library, however, has not been similarly tested and validated. The Library was created by the National Security Agency, and neither Mr. Daniel nor Mr. Loveall possess a copy of the customized open-source version of Elasticsearch and Apache Lucene developed by the government. Therefore, validation of the capabilities and lack of capabilities of the software is not possible.

16. This is problematic because validation of forensics software and hardware has been standard practice for decades. The Computer Forensics Tool Testing Program (CFTT) of the National Institute of Science and Technologies (NIST) has established a methodology for testing computer forensic software tools utilizing specifications, test procedures, test criteria, test sets, and test hardware. That methodology cannot be followed in this case.

4

17. A search for Elasticsearch and Apache Lucene as a verifiable forensics software revealed neither is listed at NIST. Thus, testing or independent validation of the software utilized in this case is not possible. See https://www.dhs.gov/publication/deleted-file-recovery-and-active-file-listing.

18. What is known is Elasticsearch and Apache Lucene are not forensic applications, and the Library does not contain 100% of the digital evidence.

**The Loveall Declaration Verifies the Unorthodox Forensics Platform in This Case**

19. According to Mr. Loveall's declaration, he is not an expert specifically in Apache Lucene or Elasticsearch, but has used these tools previously and is generally familiar with their operation and use. Mr. Loveall also stated, "as I was not specifically familiar with the syntax of Lucene queries, I accessed the documentation page on Apache Lucene Query Parser Syntax from the public Apache web site." Lovell Aff. at ¶ 11.

20. According to Mr. Loveall's declaration, he was not involved in the design, development, or implementation of the Library. Therefore, like Mr. Daniel and myself, Mr. Loveall cannot validate the Apache Lucene or Elasticsearch platform.

21. Mr. Loveall, Mr. Daniel, and I all agree that the software is not designed to examine 100% of the mirrored digital evidence; even though there are many verifiable forensic applications available for use in this matter and utilized routinely by forensics examiners like Mr. Loveall, Mr. Daniel, and myself.

**Mr. Daniel Is a Qualified Expert in the Martin Matter**

22. I am aware the government does not believe Mr. Daniel is qualified to be an expert in this case because he is not an expert in Apache Lucene or Elasticsearch. Based on my review of his CV and my familiarity with his qualifications, Mr. Daniel has expertise in multiple

query languages and databases and has been working with query languages and databases since the 1980s. Mr. Daniel is highly qualified and more than capable of analyzing the 20.144 terabytes of mirror imaged hard drives and data in this case.

23. The issue in this case is not Mr. Daniel's lack of specialized knowledge of Apache Lucene or Elasticsearch to query the Library (in fact, I am aware that he has appropriately familiarized himself with both of these, much as Mr. Loveall did), but rather with the Library itself.

### Mr. Daniel Cannot Conduct an Independent Analysis Using the Library

24. The defense is unable to validate the data provided for review in Library is complete or modified, and available information indicates that it is not complete.

25. For example, in Paragraph 15 of Mr. Loveall's declaration, he states, "I was unable to access all unallocated space on the digital evidence. This is space on the drive that is not currently associated with any file. As a result, I was not able to perform any carving activities. In some examinations, I would use carving to identify and access deleted files and data that may be of evidentiary value."

26. The Library is a government-created tool. Searching the Library, particularly when it is clear that it does not contain all the available digital evidence, is not independent forensics analysis and, furthermore, breaks from traditional and verifiable forensics practices.

27. Without mirror images of the digital evidence collected, Mr. Daniel will not be able to conduct independent forensic analysis routinely conducted for decades by forensics specialists, including Mr. Daniel, Mr. Loveall, and myself.

I declare under penalty of perjury that the statements in this affidavit are true and correct.

_____              <u>December 12, 2018</u>
K. Gus Dimitrelos                             Date